[Lucas (6th) Court of Appeals, June 19, 1916.]

STATE EX REL. RAYMOND C. HILT v. WILLIAM F. RENZ.

**1. Statute Directing Procedure for Obtaining Jury before Magistrates does not Confer Jurisdiction.**

> Section 13432 G. C., does not confer jurisdiction upon justices of the peace, police judges or mayors, but directs the method of procedure for obtaining a jury in cases in which such magistrates have final jurisdiction.

**2. Mandamus will not Lie to Compel Clerk of Common Pleas to Draw Jury for Trial before J. P. in Prosecution of which Magistrate has not Final Jurisdiction.**

> Mandamus will not lie against the clerk of the court of common pleas to compel him to draw from the jury wheel names of persons to serve as jurors in a prosecution before a justice of the peace for the violation of Sec. 12475 G. C.

MANDAMUS.

*P. J. Phelan* and *George S. Moss*, for relator.

*J. C. D'Alton*, Pros. Atty. and *A. J. Seney*, for respondent.

## RICHARDS, J.

This is an original action in mandamus commenced in this court, the object of which is to compel the clerk of the court of common pleas of this county to draw from the jury wheel twenty names of persons to serve as jurors in a certain prosecution before a justice of the peace in this county.

The petition discloses that an affidavit has been filed before the relator, as a justice of the peace, charging one E. H. Drinkwater with an offense under Sec. 12475 G. C. That section prescribes a fine or imprisonment, or both, for whoever, with intent to defraud, sells, secretes, destroys, or converts to his own use, or otherwise disposes of chattel property which has been given him in trust, or on deposit, or under an agreement to purchase on the installment plan, and prescribes a like penalty against whoever, with intent to defraud, removes the property beyond the county. The petition further avers that the defendant on

being arraigned entered a plea of not guilty and demanded a jury, and that the relator fixed the time of trial and certified to the clerk of the court of common pleas the fact of such prosecution pending before him and demanded that the clerk certify a jury in said cause.

The defendant has filed a general demurrer to the petition and the only question to be decided is whether it is the duty of the clerk of courts, under the circumstances shown, to draw names of persons to serve as jurors.

It is insisted on behalf of the relator that this duty is enjoined by virtue of the language of Sec. 13432 G. C. which reads as follows:

"Section 13432. In prosecutions before a justice, police judge or mayor, when imprisonment is a part of the punishment, if a trial by jury is not waived, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him."

The section above quoted does not bestow, nor does it purport to bestow, any jurisdiction upon justices of the peace, police judges or mayors, but simply provides the method of procedure for obtaining a jury in cases in which such magistrates have final jurisdiction. Unless in the case under consideration the justice of the peace has final jurisdiction, he has no occasion to require the services of a jury and no authority exists for causing the names of persons to serve as jurors to be drawn from the wheel; and by final jurisdiction I mean, of course, the authority to try the defendant on the charge made against him, and to impose a penalty or acquit him, and not the mere authority to inquire into whether an offense has been committed, and discharge the defendant or bind him over to another court. The final jurisdiction given by statute to justices of the peace in criminal cases is specifically set forth in other sections of the statutes, particularly Sec. 13423, 1153, 4414, 4416, 4417, 12519, 12520 G. C. and many others. Under Sec. 13423 G. C., a large number of offenses are named over which justices of the peace, police judges and mayors are given final jurisdiction, and in numerous other instances throughout the statutes these magistrates are given

jurisdiction over additional offenses, but nowhere is such final jurisdiction given to a justice of the peace to try a defendant and impose a penalty in a case where the charge is under Sec. 12475 G. C., unless the accused in writing duly waive a jury and submit to be tried by the magistrate, as provided by Sec. 13511 G. C.

It is perfectly clear, therefore, that Sec. 13432 G. C., can only apply to a case where the officials therein named are given by appropriate statutory enactment final jurisdiction to try the accused, and that said section can have no application to a prosecution under Sec. 12475 G. C. Manifestly the purpose of Sec. 13432 G. C., was to make operative all the statutory provisions conferring final jurisdiction of offenses upon the officials named in the section, where imprisonment may be a part of the punishment, and the section can only relate to that character of cases. To hold otherwise would be to decide that the codifying commission and the general assembly, in adopting its report and enacting the statute, had indirectly enlarged the jurisdiction of the officials named in this section so as to embrace all prosecutions where imprisonment is a part of the penalty. It is inconceivable that the general assembly had any such intent in view of the fact that the jurisdiction of these officials is carefully stated in detail in various sections of the General Code, and that they have no jurisdiction except such as may be specially conferred by statute.

Courts will not extend the jurisdiction of a justice's court by construction beyond the plain language of the statute giving such jurisdiction. *McCleary* v. *McLain*, 2 Ohio St. 369. In analogy to what was said by the Supreme Court in *Hesse, In re*, 93 Ohio St. 230, 235, for a writ of habeas corpus, so I say here, if the general assembly had intended to amend the various statutes prescribing the jurisdiction of justices of the peace and to substitute in lieu thereof the general language used in Sec. 13432 G. C., it would have been easy to have done so in unequivocal language.

It is true that a contrary conclusion was reached in the probate court in Stark county in the case of *State* v. *Pohlman*,

57 Bull. 411 (13 N. S. 254), but we can not concur in either the conclusion or the reasoning of the court in that case.

The conclusion which we have reached is in accordance with opinions given county prosecutors by the present attorney general of Ohio and by his predecessor in office.

For the reasons given, we hold that the demurrer to the petition must be sustained and the petition dismissed.

**Chittenden** and **Kinkade, JJ.,** concur.

---

## BILLS AND NOTES.

[Columbiana (7th) Court of Appeals, April 8, 1915.]

Houck, Pollock and Metcalf, JJ.

(Judge Houck of the 5th district sitting in place of Judge Spence.)

ISABELLA H. SHARP, EXRX. v. GEORGE H. SHARP.

**1. Want of Consideration Interposed as Defense to Action on Promissory Note where Sum Stated is in Part Gift.**

The gift of the sum payable in a promissory note will not support an action on the note between the payee and payor, but the payor can avail himself of the defense of want of consideration.

**2. Partial Want of Consideration of Promissory Note Available as Defense between Original Parties.**

That Sec. 8133 G. C. does not exclude the defense of a partial want of consideration in an action on a promissory note between the original parties thereto.

**3. Part Consideration Consisting of Valuable Consideration and Part Gift.**

That in such an action the payor can plead and prove that the sum mentioned as payable in a promissory note consisted in part of a valuable consideration and in part of a gift.

**4. Valuable Consideration only Recoverable.**

That the payee can only recover the amount of the valuable consideration.

ERROR.

*Merle E. Rudy* and *Musser, Kimber & Huffman,* for plaintiff in error.

*Geo. T. Farrel* and *C. S. Speaker,* for defendant in error.