OPINION
This appeal arises from a final judgment of the Lake County Court of Common Pleas. Appellant, Andrew M. Head, seeks the reversal of the trial court's determination that he is a sexual predator pursuant to R.C. Chapter 2950.
On July 6, 1999, appellant was charged by way of information with one count of corruption of a minor in violation of R.C. 2907.04. Appellant entered a written plea of guilty to the charge on July 29, 1999. The trial court accepted appellant's plea and referred the matter to the Department of Adult Probation for a pre-sentence investigation and report and psychiatric evaluation.
The trial court conducted a sentencing/sexual offender hearing on September 9, 1999. During the proceedings, neither party presented any witnesses. After considering the parties' respective arguments, and after reviewing the pre-sentence investigation report and the psychiatric evaluation, the trial court found, by clear and convincing evidence, that appellant was a sexual predator for purposes of R.C. Chapter 2950. The trial court also sentenced appellant to eighteen months in the Lorain Correctional Institution.
From this judgment, appellant filed a timely notice of appeal. He now asserts the following assignment of error for our review:
 "The finding that the defendant-appellant is a sexual predator is against the manifest weight of the evidence."
Under his sole assignment of error, appellant argues the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. According to appellant, the trial court "clearly lost its way" and created a "manifest miscarriage of justice" because the factors relied upon by the trial court do not clearly and convincingly show that appellant is a sexual predator. In addition, appellant claims that the trial court abused its discretion because the only "evidence" it considered were statements made by the prosecutor during the sentencing/sexual predator hearing.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "`will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068, unreported, at 4, 2000 Ohio App. LEXIS 2165, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph of the syllabus.
R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender employed alcohol to subdue the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; and (8) whether the offender acted cruelly in committing the underlying sexually oriented offense.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. Higgins at 8;State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, 1998 Ohio App. LEXIS 286. Furthermore, it has been held that a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported, 1998 Ohio App. LEXIS 2744.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the instant case, the trial court considered each of the factors under R.C. 2950.09(B)(2) and concluded that there was clear and convincing evidence to support a determination that appellant is a sexual predator. Specifically, the trial court found that appellant had committed a sexually oriented offense, i.e., corruption of a minor, and that he was likely to engage in that type of behavior again in the future. To support this second conclusion, the trial court found the following factors to be dispositive: (1) appellant was eighteen years old; (2) the victim was twelve; and (3) appellant committed the offense by means of force and against the will of the victim.
Contrary to appellant's claim that the trial court exclusively relied upon the statements made by the prosecutor, our review of the hearing transcript shows that the court's decision was actually based, almost entirely, on the pre-sentence investigation report submitted by the Department of Adult Probation. This report set out the underlying facts of the case, as well as appellant's prior criminal history. See, generally, State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported, at 13-14, 2000 Ohio App. LEXIS 4046 (holding that a judge may depend upon reliable hearsay, such as a pre-sentence investigation report, when making a sexual predator determination).
Before continuing with our analysis, we would like to note that it appears from the record that appellant pleaded guilty to a crime he could not have committed. During the sexual predator determination, the trial court found that the victim was twelve years old at the time the offense was committed. However, to be guilty of corruption of a minor, the victimmust be "thirteen years of age or older but less than sixteen years of age[.]" R.C. 2907.04. Hence, if the victim was twelve years old, which she apparently was, appellant could not have committed the crime of which he was convicted.
Nevertheless, when a person pleads guilty to an offense, he or she is admitting to the underlying facts supporting the indictment. Crim.R. 11(B)(1); State v. Wilson (1979), 58 Ohio St.2d 52 . As a result, "[a] plea of guilty obviates the necessity of a trial and the presentation of evidence to establish the guilt of the accused." McAuley v. Maxwell
(1963), 174 Ohio St. 567, 568. See, also, Menna v. New York (1975),423 U.S. 61, 62, fn. 2 (holding that "a counseled plea of guilty is an admision of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."). Moreover, the trial court is under no obligation to examine the evidence to determine whether the evidence justified the guilty plea.Dept. of Liquor Control v. Santucci (1969), 17 Ohio St.2d 69, 71,McAuley at 568-569.
Appellant, however, does not challenge his conviction on appeal. Rather, he is solely concerned with the trial court's finding that he was a sexual predator. Although this court is troubled by the procedural posture presented in the instant matter, we are bound by the decisions of the United States Supreme Court and the Supreme Court of Ohio. Likewise, there is no question that the trial court had jurisdiction over this matter because the offense was allegedly committed within Lake County.[1]
Having said that, although appellant's plea may be valid, we see no reason to allow a court to use facts to find a person to be a sexual predator when those facts directly conflict with the underlying charge. This would essentially allow the state to punish a person for a crime when the state was seemingly uncertain about whether it could obtain a conviction on the more serious offense. While we hesitate to speculate as to the motives of both appellant in pleading guilty to a crime he could not have committed, and the state in charging appellant with a lesser crime when the evidence could possibly support a charge of rape, the fact of the matter is that both parties chose their respective paths and are now obligated to follow them.
As a result, after reviewing the record, we conclude that the trial court did not have sufficient evidence before it from which to find, by clear and convincing evidence, that appellant is likely to engage in the future in similar conduct. If the victim's age is excluded in the case at bar, all that remains is appellant's age, and the fact that the offense was allegedly committed with the use of force and against the will of the victim. The psychological evaluation submitted by the Department of Adult Probation does not make a recommendation with respect to whether or not appellant is a sexual predator. In fact, the psychologist who performed the evaluation determined that while appellant does have a drug problem, he "does not suffer from any major mood, anxiety or psychotic disorders." Moreover, appellant's prior convictions, drug abuse and trespassing, are not sexually oriented offenses, and have no relationship with his conviction for corruption of a minor.
Thus, given the fact that the prosecution failed to present any exhibits or witnesses to demonstrate that appellant "is likely to engage in the future in one or more sexually oriented offense[,]" the trial court's finding that appellant was likely to commit a sexually oriented offense in the future is against the manifest weight of the evidence. Accordingly, the trial court erred in adjudicating appellant a sexual predator. Appellant's sole assignment of error has merit.
Based on the foregoing analysis, appellant's only assignment of error has merit. The judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.
JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.
[1] "Final jurisdiction in criminal causes means the authority to try the defendant on the charge made against him or her and to impose a penalty or to acquit, and not the mere authority to inquire into whether or not an offense has been committed * * *." 28 Ohio Jurisprudence 3d (2000) 432, Criminal Law, Section 1996, citing State ex rel. Hilt v.Renz (1916), 5 Ohio App. 421.