ZOLLINGER, Appellant,

v.

OHIO STATE RACING COMMISSION, Appellee.

[Cite as *Zollinger v. Ohio State Racing Comm.* (1999), 133 Ohio App.3d 708.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 98CA32.

Decided June 7, 1999.

*Mary Joseph Beck,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Matthew L. Westerman,* Assistant Attorney General, for appellee.

KLINE, Presiding Judge.

Donald Zollinger appeals the Pickaway County Court of Common Pleas' judgment affirming the Ohio State Racing Commission's ("OSRC") ruling fining him $500, disqualifying his horse from the winning purse money, and suspending his license for sixty days for improperly administering furosemide to a race horse. Zollinger argues that the OSRC lacked the statutory authority to fine him $500. We disagree, because the OSRC's ruling is in accordance with R.C. 3769.091. Zollinger also contends that the OSRC was without authority to disqualify his horse from the winning purse money. We disagree, because disqualifying a horse from the winning purse money is a penalty mandated for improperly administering furosemide. Finally, Zollinger asserts that the OSRC's suspension of his license was excessive. We disagree, because the OSRC acted in accordance with the law and we therefore are without authority to modify the penalty of the OSRC.

Accordingly, we affirm the judgment of the trial court.

Zollinger owns and trains a race horse, Kerby's Slew. On March 24, 1997, Kerby's Slew placed first in the tenth race at Beulah Park. Immediately following the race, track officials preformed lab tests on urine and blood samples taken from Kerby's Slew. The lab results showed that an overdose of furosemide, a diuretic, had been injected into Kerby's Slew's muscles. As a result, the Board of Stewards at Beulah Park found that Zollinger had violated Ohio Adm.Code 3769–8–01(B)(1)(b), 3769–8–02(A), and 3769–2–26(A)(10). The stewards fined Zollinger $500, suspended his license for sixty days, disqualified Kerby's Slew from the purse money, and referred the matter to the OSRC. The hearing officer and OSRC adopted the stewards' ruling in its entirety.

Zollinger appealed to the court of common pleas, which affirmed the ruling of the OSRC. In its decision and judgment entry, the trial court found that the OSRC's conclusion that Zollinger had violated racing rules was supported by reliable, probative, and substantial evidence. The trial court further found that the penalties imposed by the OSRC were in accordance with law.

Zollinger appeals the judgment of the trial court, pursuant to R.C. 119.12, asserting the following assignment of error:

"The lower court erred in finding that the order of the ohio racing commission penalizing Donald Zollinger for a finding of an excessive amount of furosemide in a horse trained by him was supported by reliable, probative and substantial evidence and was in accordance with law."

Zollinger argues that the trial court abused its discretion by affirming the ruling of the OSRC because the OSRC imposed penalties upon him not pre-

scribed by law. The OSRC contends that the trial court acted within its discretion because the OSRC acted in accordance with the law when it imposed penalties upon Zollinger.

Upon an appeal from an administrative agency, the trial court looks to see if the evidence supports the agency's finding. R.C. 119.12 provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."

Once the agency's order reaches a court of appeals, the scope of review is more narrow. The Supreme Court of Ohio has held:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion ' * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 O.B.R. 275, 277, 489 N.E.2d 288, 290.

Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. *Smith v. Sushka* (1995), 103 Ohio App.3d 465, 469, 659 N.E.2d 875, 877–878, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 266–268.

Accordingly, while the trial court's standard of review is whether the OSRC's "order is supported by reliable, probative, and substantial evidence and is in accordance with law," R.C. 119.12, this court's standard of review is whether the trial court has abused its discretion. *Smith v. Sushka, supra.* In so reviewing the judgment of the trial court, this court "must not substitute [its] judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd.*, 40 Ohio St.3d at 261, 533 N.E.2d at 267. We may substitute our judgment for that of the trial court when faced with purely legal questions; we then exercise our independent judgment. *VFW Post 8586 v. Ohio Liquor Control Comm.* (1998), 83 Ohio St.3d 79, 80, 697 N.E.2d 655, 657, citing *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591, 595–596.

Zollinger asserts that the trial court abused its discretion by finding that the penalties imposed upon him by the OSRC are in accordance with the law. Specifically, Zollinger asserts that Ohio Adm.Code 3769–8–01(B)(16) only allows

the stewards to fine him $250. Zollinger also argues that his violation of Ohio Adm.Code 3769–8–01(B)(1)(b) does not empower the stewards to disqualify Kerby's Slew from the winning purse money. Furthermore, Zollinger contends that the sixty-day suspension of his racing license is excessive in light of similar cases.

■ The OSRC concedes that Ohio Adm.Code 3768–08–01(B)(16) prescribes only that the stewards can fine Zollinger two hundred fifty dollars and suspend his racing license for sixty days for improperly administering furosemide. However, the OSRC contends that Zollinger violated other OSRC rules, Ohio Adm. Code 3769–8–99(A), R.C. 3769.091, and R.C. 3769.03, all of which authorize the stewards to impose additional sanctions upon Zollinger. Therefore, the OSRC argues that the trial court did not abuse its discretion in affirming the ruling of the OSRC.

The enabling legislation concerning horse racing is found in R.C. Chapter 3769. R.C. 3769.02 establishes the OSRC while R.C. 3769.03 gives it the authority to "prescribe the rules and conditions under which horse racing may be conducted * * * as authorized by sections 3769.01 to 3769.14 of the Revised Code." Pursuant to R.C. 3769.091, the OSRC may delegate to the stewards the power to suspend licenses under one year and impose fines under $1,000 for any violation or rules or orders of the OSRC. The stewards found that Zollinger violated Ohio Adm.Code 3769–8–01(B)(1)(b), 3769–8–02, and 3769–2–26(A)(10).

Ohio Adm.Code 3769–8–01(B)(1)(b) provides furosemide may only be administered to a horse intravenously. Ohio Adm.Code 3769–8–01(B)(16) sets forth the penalty framework for violations of specific provisions of Ohio Adm.Code 3769–8–01(B). The stewards "shall fine any licensee who violates paragraphs (B)(1)(b), (B)(3)(a), (B)(3)(b), (B)(3)(c), (B)(4)(a), (B)(4)(b), (B)(5)(a) and/or (B)(6) of this rule two hundred fifty dollars and may also suspend any Ohio state racing commission license held by such licensee for a period of not more than sixty days and the stewards may refer the matter to the commission for its consideration."

Furthermore, should the analysis of blood and/or urine specimens establish a violation of (B)(1)(b), the horse shall be disqualified in accordance with Ohio Adm.Code 3769–7–45. Ohio Adm.Code 3769–8–01(B)(14).

Pursuant to Ohio Adm.Code 3769–8–02(A), a trainer violates his absolute duties as insurer of the horse when any foreign substance prohibited by Ohio Adm.Code 3769–8–01 is present in the horse's blood. For such a violation, the stewards "may fine" the trainer no more than $250 suspend his license for no more than sixty days, and/or refer the matter to the OSRC for its consideration. Ohio Adm.Code 3769–8–02(B).

If a licensee engaged in conduct which is against the best interest of horse racing, the OSRC may revoke, suspend, or otherwise penalize, "under the provisions of rule 3769–2–99." Ohio Adm.Code 3769–2–26(A); 3769–2–26(A)(10). Ohio Adm.Code 3769–2–99(A) states that "for any violation of any rule in this chapter and unless a rule specifically precludes the stewards from doing so, the stewards * * * may fine a licensee and/or suspend his license within the limits prescribed by R.C. 3769.091."

Zollinger does not dispute that he violated Ohio Adm.Code 3769–8–01(B)(1)(b)(furosemide), 3769–08–02(A)(strict liability for trainer), and 3769–2–26(A)(10)(best interests of horse racing), or argue that the trial court's determination that he did so is not supported by reliable, probative, and substantial evidence. By its plain language, Ohio Adm.Code 3769–8–01(B)(16) requires the stewards to fine Zollinger $250 for improperly administering the diuretic. Ohio Adm.Code 3769–9–02(B) authorizes the stewards to fine Zollinger up to $250 for breaching his duty of absolute insurer of Kerby's Slew. Finally, Ohio Adm.Code 36769–8–99 allows the OSRC to fine a person not acting in the best interests of horse racing, including a person violating a rule which does not preclude a fine or suspension, up to $1,000. Thus, the OSRC could impose an aggregate fine of $1,500 for these offenses. Therefore, we find that the trial court did not abuse its discretion by finding that the $500 fine imposed upon Zollinger by the OSRC was in accordance with law.

■ Zollinger also argues that the trial court abused its discretion by finding that the Ohio Adm.Code 3769–8–01(B)(16) provided the OSRC with the authority to disqualify Kerby's Slew from the winning purse. Ohio Adm.Code 3769–8–01(B)(16) and 3769–8–01(B)(17) prescribe disqualifying a horse from the winning purse only for violations of Ohio Adm.Code 3769–8–01(B)(1). As stated *supra,* the stewards must fine a violator of Ohio Adm.Code 3769–8–01(B)(1)(b) $250 dollars and may suspend his license for up to sixty days. Ohio Adm.Code 3769–8–01(B)(16). Additionally, Ohio Adm.Code 3769–8–01(B)(16) requires the stewards to apply Ohio Adm.Code 3769–8–01(B)(17), which punishes violators of Ohio Adm.Code 3769–8–01(B)(1) by disqualifying the horse from the winning purse.

We agree with Zollinger that Ohio Adm.Code 3769–8–01(B)(1) is not a catchall provision which encompasses Ohio Adm.Code 3769–8–01(B)(1)(b). Ohio Adm. Code 3768–8–01(B)(1) specifies that subsection (B)(1)(b) is an exception to its general rule prohibiting a horse injected with drugs or medication from participating in a race. The use of the diuretic furosemide is a regulated, rather than a prohibited, drug in horse racing. However, its exceptional characterization does not preclude the OSRC from disqualifying a horse from the winning purse. Ohio Adm.Code 3769–8–01(B)(14) mandates, in addition to the sanctions delineated in Ohio Adm.Code 3769–8–01(B)(16), disqualifying a horse from purse money if Ohio

Adm.Code 3769–8–01(B)(1)(b) is violated. Therefore, we find that the trial court did not abuse its discretion in affirming the decision of the OSRC disqualifying Kerby's Slew from the purse money.

Zollinger argues that the trial court abused its discretion in affirming the order suspending his license for sixty days. A court of common pleas cannot modify a penalty that the OSRC was authorized to impose. *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, paragraph three of the syllabus. R.C. 3769.03 and 3769.091 authorize the commission to revoke a license for the violation of rules of the OSRC. Zollinger violated Ohio Adm.Code 3769–8–01(B)(1)(b), 3769–8–02(A), and 3769–2–26(A)(10). The penalties for violating these sections include suspending the violator's license up to one year. Ohio Adm.Code 3769–8–01(B)(16), 3769–8–02(B), 3769–2–99(A). The OSRC suspended Zollinger's license for sixty days. Therefore, the trial court lacked the authority to modify the penalty.

In conclusion, we find that the trial court acted within its discretion in affirming the decision of the OSRC to impose a $500 fine on Zollinger. We also find that the trial court did not abuse its discretion by finding that the OSRC could disqualify Kerby's Slew from the purse money. Finally, we find that the OSRC acted within its delegated authority to suspend Zollinger's license, and therefore that the trial court did not abuse its discretion by declining to modify the suspension.

Therefore, we overrule Zollinger's assignment of error. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE and HARSHA, JJ., concur.