OPINION AND JOURNAL ENTRY
Appellee John Sprankle asks this court to reconsider its September 10, 2001 opinion which was entered in favor of appellant Ohio Department of Insurance. In that case, we reversed the trial court's decision to modify the license revocation penalty imposed by the Superintendent of Insurance. We held that the court was without authority to modify an administrative sanction where it found that the order finding a violation was supported by reliable, probative, and substantial evidence. In his motion for reconsideration, appellee criticizes this court's decision, contending that the aforementioned holding is based on incorrect legal principles and that we improperly applied the case of Henry'sCafé, Inc. v. Board of Liquor Control (1959), 170 Ohio St. 233. He also claims that this court applied the wrong standard of review when we alternatively stated that, even if a court could modify a penalty, the trial court appears to have acted unreasonably in modifying the penalty.
The purpose of a motion for reconsideration under App.R. 26(A) is to raise an obvious error in the court's original decision or to raise an issue that the court inadvertently failed to consider at all or failed to completely consider. Audia v. Rossi Bros. Funeral Home, Inc. (Feb. 12, 2001), Mahoning App. No. 98CA181, unreported, journal entry denying a motion to reconsider. A motion for reconsideration is not designed for use in instances when a party merely disagrees with the conclusions reached and the logic used by the appellate court. Id.
Contrary to appellee's strong complaints about our decision, this court does not agree that it committed an obvious error. Rather, we continue to believe that we followed Supreme Court precedent. In Henry'sCafé, the agency revoked the licensee's liquor permit for acts of gambling and disorderly conduct. The trial court agreed that gambling and disorderly conduct occurred but found extenuating circumstances existed and held that a forty-five day license suspension would be more appropriate. The Supreme Court held that the trial court had no jurisdiction to modify a penalty where the order finding the violations was supported by reliable, probative, and substantial evidence. Henry'sCafé, 170 Ohio St. at 236-237. The Court specifically stated:
 "Unquestionably, the Court of Common Pleas may reverse, vacate, or modify an order of an agency unless it finds that the order is supported by reliable, probative and substantial evidence, but, where it makes such a finding, it can only affirm and cannot reverse, vacate or modify. * * * [T]here are no grays in such areas, but only blacks and whites. There are no violations under extenuating circumstances, but only facts which do or do not constitute violations. The Court of Common Pleas found that there were violations * * * Patently desiring to modify the admittedly harsh order of the board, the Court of Common Pleas could find no such absence of evidence and, as an alternative route to the same end, found that `the board abused its discretion' and modified its order on that ground." Id. at 236 (reversing the modification).
This decision and our interpretation of it have been reaffirmed by the Supreme Court subsequent to the Henry's Café decision. Dept. ofLiquor Control v. Santucci (1969), 17 Ohio St.2d 69, 70-72. See, also,Diltz v. Crouch (1962), 173 Ohio St. 367, 369-370 (holding that the court had no jurisdiction over the penalty imposed by the board). In Santucci, the Court stated that the trial court's only role in an administrative appeal is to determine whether the rights of the permit holder have been protected and whether the violation has been sufficiently established.Santucci, 17 Ohio St.2d at 72. The Court expressly held that the trial court "lacked authority to modify the penalties imposed by the commission, which penalties are within the commission's power to assess."Id. at 70-71, citing Henry's Café, 170 Ohio St. 233. See, also,State Med. Bd. of Ohio v. Murray (1993), 66 Ohio St.3d 527, 538.
Moreover, this court and other appellate districts have applied Henry'sCafé to reverse trial court cases that modify administrative penalties where those penalties exist as options in the law. See, e.g., HiRise, Inc. v. Ohio Liquor Control Comm. (1995), 106 Ohio App.3d 151, 157
(where the First District follows this line of reasoning while voicing its hope that the Supreme Court revisit the Henry's Café
holding); In re Appeal of Scheaffer (1996), 116 Ohio App.3d 98, 11 (Second District); VFW Post 1080 v. Ohio Liquor Control Comm. (Nov. 13, 1996), Logan App. No. 8-96-8, unreported, 3 (Third District); Zollingerv. Ohio State Racing Comm. (1999), 133 Ohio App.3d 708, 714 (Fourth District); Mt. Vernon v. Ohio Liquor Control Comm. (Nov. 6, 1996) Knox App. No. 96CA22, unreported, 2 (Fifth District); American Legion Post 0046v. Ohio Liquor Control Comm. (1996), 111 Ohio App.3d 795, 800-801 (Sixth District); Jackson v. Board of Nursing Educ. Nurse Reg. (Oct. 30, 1987), Mahoning App. No. 86CA136, unreported, 1 (Seventh District); Valanv. Cuyahoga Cty. Sheriff (1985), 26 Ohio App.3d 166, 170 (where the Eighth District characterizes the rule as well-settled); Jordan Mot. Co.v. Ohio Bur. of Mot. Veh. (Sept. 24, 1997), Summit App. No. 18305, unreported, 3 (Ninth District); Garwood v. State Med. Bd. of Ohio
(1998), 127 Ohio App.3d 530, 534 (Tenth District); VFW Post 9622 v. OhioLiquor Control Comm. (1996), 109 Ohio App. 762, 770-771 (Twelfth District).
Rather than criticize this court's application of a well-established rule of law, appellee should take his argument to the Supreme Court. In accordance, we reaffirm our decision holding that if the trial court finds reliable, probative, and substantial evidence to support an agency's decision regarding a violation, the trial court has no authority to modify the penalty imposed by the agency.
Appellee's motion for reconsideration also contends that we committed an obvious error of law by stating that a trial court should not substitute its judgment for that of the agency on issues of credibility and where we stated that the court should not have modified the penalty even if it had jurisdiction to do so. Firstly, this court disapproves of appellee's repeated characterization of its decision as a death sentence. Secondly, part of our analysis on this topic was merely an alternative argument that need not be addressed due to our resolution of the issue regarding the court's lack of authority to modify a penalty in these circumstances. Thirdly, appellee admitted most violations on the stand before the agency; hence, the trial court could not find that these violations were not committed. Fourthly, we held that one of the violations, having a license revoked in another state, was erroneously disregarded by the trial court as a matter of law.
Finally, multiple cases hold that a trial court should defer to an agency's factual findings which are presumed correct. See, e.g., VFW Post8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79, 81 (this presumption is only negated where the court determines that the findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest on improper inferences, or are otherwise unsupportable); Brown v. Ohio Bur. of Emp. Serv. (1994), 70 Ohio St.3d 1,2 (stating that the agency should defer to their referee's fact-finding); Leon v. Ohio Bd. of Psych. (1992), 63 Ohio St.3d 683,688, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80
(noting that the agency fact-finder, who views the witnesses' demeanor and gestures, is in the best position to judge credibility); Universityof Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111 (warning that the trial court must not substitute its judgment for that of the agency fact-finder on the resolution of evidentiary conflicts); Jacob v.Ameritech Pub. (June 20, 2000), Belmont App. No. 99BA43, to be reported (where this court stated that when a trial court merely reviews an agency decision, it does not make factual findings or determine the credibility of witnesses from below).
For the foregoing reasons, appellee's motion for reconsideration is hereby denied.
VUKOVICH, P.J., concurs.
WAITE, J., concurs.
DeGENARO, J., concurs.