DECISION AND JUDGMENT ENTRY
The Ohio Motor Vehicle Salvage Dealers Licensing Board revoked Anthony R. Journey's buyer's identification card. After the Scioto County Court of Common Pleas affirmed that decision, Journey appealed to this court raising one assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND THAT THE ORDER OF THE MOTOR VEHICLES SALVAGE DEALER'S LICENSING BOARD REVOKING APPELLANT'S BUYER'S IDENTIFICATION CARD WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
We reluctantly affirm the judgment of the trial court.
In January, 1999, appellant filed an application with the Bureau of Motor Vehicles seeking a buyer's identification card in order to purchase salvage motor vehicles and parts. The application included a question concerning whether the applicant had ever been convicted of a felony. Journey answered the question in the affirmative. He attached a copy of a plea agreement, indicating he had previously pled guilty to aiding and abetting mail fraud, a felony. Due to an employee error, the Bureau of Motor Vehicles issued appellant a buyer's identification card. Thereafter, in March, 1999, appellant received a notice of opportunity for hearing from the registrar of the Bureau of Motor Vehicles. The notice stated that appellant could request an adjudicative hearing before the Motor Vehicle Salvage Dealers Licensing Board ("board") to determine whether his buyer's identification card should be revoked or suspended. In April, 1999, appellant requested a hearing before the board.
The board conducted an administrative hearing in June, 1999. After reviewing the evidence, the board concluded:
 The conviction is grounds for denial of the buyer's identification card pursuant to Section 4738.18(E) of the Ohio Revised Code.
 Violations of Ohio Revised Code Section 4738.18(E) constitute grounds for the revocation or suspension of the motor vehicle salvage buyer's identification card pursuant to Section 4738.12 of the Ohio Revised Code.
The board issued an adjudication order, revoking appellant's identification card. Journey appealed the order to the Scioto County Court of Common Pleas, which affirmed the order of the board. In its judgment entry, the court reluctantly found that the order of the board was supported by reliable, probative and substantial evidence and was in accordance with law. Journey then filed a motion for an automatic stay of the revocation, which the trial court granted. This appeal followed.
Appellant argues that the decision of the board was not supported by reliable, probative and substantial evidence and was not in accordance with law because Journey freely admitted to his felony conviction and attached the plea agreement to his application. In essence, appellant contends that since he was issued an identification card after full disclosure of his past felony conviction, the board should be estopped from now revoking the card. Appellant also implies in his brief that since the felony was not related to the theft of motor vehicles, the felony provision in the statute is inapplicable. Appellee maintains that a clerical oversight by an employee of the Bureau of Motor Vehicles does not preclude the board from revoking a buyer's identification card.
R.C. 119.12 governs the standard the court of common pleas uses when reviewing a decision of an administrative agency. The statute provides, in part:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. Id.
If the order of the administrative board is supported by reliable, probative, and substantial evidence and is in accordance with law, the order must be affirmed; the court cannot substitute its independent judgment for that of the board. Pushay v. Walter (1985), 18 Ohio St.3d 315,316, 481 N.E.2d 575, 576; Harris v. Lewis (1982), 69 Ohio St.2d 577,578, 433 N.E.2d 223, 224; State ex rel. Ogan v. Teater (1978),54 Ohio St.2d 235, 246, 375 N.E.2d 1233, 1241.
Appellate review of an administrative order is much more limited. An appellate court determines whether the court of common pleas abused its discretion when reviewing the administrative board's order. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750-751;Zollinger v. Ohio State Racing Comm. (1999), 133 Ohio App.3d 708, 711,729 N.E.2d 808, 810. The Ohio Supreme Court held that:
 [i]n reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court abused its discretion.
Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 267. An abuse of discretion "* * * implies not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State ex rel.Commercial Lovelace Motor Freight, Inc. v. Lancaster (1986),22 Ohio St.3d 191, 193, 489 N.E.2d 288, 290. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. Lorain, supra, at 261, 533 N.E.2d at 267;Rhode v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685; Smith v.Sushka (1995), 103 Ohio App.3d 465, 469, 659 N.E.2d 875, 878. Errors involving questions of law are reviewed on a de novo basis, however. Construction of a statute presents us with a question of law.
In this case, the administrative board based its decision on two provisions of the Ohio Revised Code. The first provision, R.C. 4738.18(E), states:
 All applicants for a buyer's identification card must be of good financial repute and not have been convicted of a felony.
The board also relied on R.C. 4738.12, which states in part:
 The board shall suspend or revoke or notify the registrar to refuse to renew any license if any ground existed upon which the license would have been refused, or if a ground exists which would be cause for refusal to issue a license.
 The board may suspend or revoke any license if the licensee has * * * been convicted of committing a felony or violating any law which in any way relates to the theft of motor vehicles.
In this case, it is undisputed that appellant has a prior conviction for aiding and abetting mail fraud. It is also undisputed that this conviction is a felony. Thus, under R.C. 4738.18(E), appellant would not be eligible to receive a buyer's identification card. Yet an employee of the Bureau of Motor Vehicles, after full disclosure of the felony conviction, issued appellant a card anyway. However, the language of R.C. 4738.12 gives the board the power to suspend or revoke any license "if any ground existed upon which the license would have been refused." Under R.C. 4738.18(E), a prior felony conviction is grounds to deny an identification card. Therefore, as a matter of law, the board had the power to revoke appellant's buyer's identification card based on his prior felony conviction, notwithstanding the disclosure.
Contrary to appellant's argument, R.C. 4738.12 does not limit itself to felonies committed after the issuance of the license. The statute merely states that a license can be revoked or suspended if the licensee has been convicted of committing a felony. We reject appellant's attempt to read additional words into the statute that are not there. We interpret the language to mean any felony prior to or after issuance of an identification card. Both the board and the trial court properly construed the statute.
Appellant further makes the implied assertion that under R.C. 4738.12, the felony must relate to the theft of motor vehicles. This argument fails. The precise language of R.C. 4738.12 is to be read in the alternative. The license may be suspended or revoked for being "convicted of committing a felony or violating any law which in any way relates to the theft of motor vehicles." R.C. 4738.12. This means that any type of felony is grounds for revocation of a license, not just felonies related to the theft of motor vehicles. Other courts have interpreted similar language in R.C. 4517.33, which governs licenses to dealers, in the same way. See Jurek v. Ohio Motor Vehicle Dealers Bd. (1994),99 Ohio App.3d 437, 441, 651 N.E.2d 3 (holding that R.C. 4517.33
subjects the entire class of felons to license prohibition); Geisert v.Ohio Motor Vehicle Dealers Bd. (1993), 89 Ohio App.3d 559, 565,626 N.E.2d 960, 964 (holding that R.C. 4517.33 allows the revocation of a dealer's license on the basis of a felony unrelated to the automobile sales business).
Although we recognize the unfairness that this appears to create for appellant, we are not free to rewrite the law for the legislature. We also take notice of the fact that principles of estoppel generally cannot be used against the state or its agencies when the act or omission complained of involves the exercise of a governmental function. OhioState Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 146,555 N.E.2d 630, 633; Sekerak v. Fairhill Mental Health Ctr. (1986),25 Ohio St.3d 38, 39, 495 N.E.2d 14, 15. But, see Chapman v. Scioto Co.Bd. of Commissioners (Apr. 28, 1994), Scioto Co. App. No. 93CA2126, unreported, Harsha, J. concurring in part and dissenting in part; AthensCo. Property Owners Assoc. v. City of Athens (Aug. 26, 1992), Athens Co. App. No. 92CA1482, unreported, Harsha, J. concurring in judgment only.
The Bureau of Motor Vehicles is clearly a state agency, exercising a governmental function. The time period between the time the card was issued and the time the appellant was informed of his opportunity for hearing was only about two months. In addition, appellant's wife has a buyer's identification card so that the family's livelihood is not hindered by the revocation of appellant's identification card. Accordingly, we cannot find that the trial court abused its discretion in rejecting an estoppel theory based upon the facts before it.
We hold that the common pleas court did not abuse its discretion in holding that the decision of the administrative board to revoke appellant's buyer's identification card was supported by reliable, probative and substantial evidence. Nor did the court err in finding that the board's order was in accordance with law.[1]
Appellant's sole assignment of error is meritless.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] Like the trial court, we feel the agency's action in this matter is overly severe. However, we cannot substitute our judgment for that of the agency in determining the appropriate sanction. That being said, we see no reason why the appellant cannot proceed in the appropriate forum and manner to expunge his conviction and then reapply for a license. While appellant attempted to do so in the appellate proceedings before the trial court, a motion in an appeal is not appropriate.