DEPARTMENT OF LIQUOR CONTROL, APPELLANT, *v.* SANTUCCI, D. B. A. KISMET GRILL, APPELLEE.

[Cite as Department of Liquor Control v. Santucci, 17 Ohio St. 2d 69.]

(No. 68-47—Decided March 26, 1969.)

70

*Mr. Paul W. Brown,* attorney general, and *Mr. James E. Rattan,* for appellant.

*Mr. Joseph H. Hans* and *Mr. James C. Britt,* for appellee.

ZIMMERMAN, J. In our opinion, the Court of Appeals was too technical. Although proceedings before the Liquor Control Commission of the kind involved here do not come within the category of criminal cases, we think that the rules pertaining to guilty pleas in criminal cases may properly and by analogy be applied.

In the *per curiam* opinion in the case of *McAuley* v. *Maxwell,* 174 Ohio St. 567, 568, 190 N. E. 2d 922, 923, this court said:

"A plea of guilty obviates the necessity of a trial and the presentation of evidence to establish the guilt of the accused. No duty was imposed on the trial court to require or to examine evidence to determine whether the evidence justified appellant's plea of guilty."

Other Ohio cases are of similar import. See *McCon-naughy* v. *Alvis*, 165 Ohio St. 102, 103, 133 N. E. 2d 133, 134; *Click* v. *Eckle*, 174 Ohio St. 88, 90, 186 N. E. 2d 731, 733; and *Yarbrough* v. *Maxwell*, 174 Ohio St. 287, 289, 189 N. E. 2d 136, 138.

The cases from other jurisdictions generally hold that by a plea of guilty, understandingly and voluntarily made, the accused admits the allegations of fact charged in the complaint against him, and he may not later successfully contend that there was no evidence presented. See *Johnston* v. *United States* (C. A. 8), 254 F. 2d 239; *Davidson* v. *United States* (C. A. 10), 349 F. 2d 530; *State* v. *Alford*, 98 Ariz. 124, 402 P. 2d 551; *State* v. *Alford*, 98 Ariz. 249, 403 P. 2d 806; *Crisp* v. *Hudspeth*, 162 Kan. 567, 178 P. 2d 228; *Humphries* v. *Commonwealth* (Ky.), 397 S. W. 2d 163; *People* v. *Brown*, 13 Ill. 2d 32, 147 N. E. 2d 336; *People* v. *Milani*, 34 Ill. 2d 524, 216 N. E. 2d 816; *State* v. *Jacobs*, 261 Minn. 194, 111 N. W. 2d 520; and *Rafferty* v. *State*, 29 Wis. 2d 470, 138 N. W. 2d 741.

When appellee admitted before the commission the truth of the charges against him, it was equivalent to testimony on his part that those charges were correct, and accurately stated his wrongful and unlawful conduct. To hold that any additional testimony or evidence was necessary to support the charges would seem an unreasonable and unnecessary requirement.

Where in a case such as this a permit holder admits his violation of the law and, although present at the hearing and given the opportunity, presents no evidence in mitigation of the penalty or otherwise, it is not incumbent upon the commission which has the record before it to call for and consider other evidence before assessing a penalty within its authority.

The underlying principle of an appeal to the Court of Common Pleas under Section 119.12, Revised Code, from an adverse order of the Liquor Control Commission is for that court to determine whether the rights of the permit holder have been observed and protected and whether his

wrongdoing has been sufficiently established. When the Court of Common Pleas found that, upon appellee's admission of guilt, the orders against him were supported by "reliable, probative and substantial evidence," it acted within the spirit and intent of the statute.

Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, COLE and DUNCAN, JJ., concur.

COLE, J., of the Third Appellate District, sitting for HERBERT, J.