OPINION
Appellant, FOE Aerie 0423, appeals the decision of the Fayette County Court of Common Pleas that affirmed the administrative order of appellee, Ohio Liquor Control Commission ("the commission") revoking its liquor license. For the reasons that follow, we affirm the decision of the trial court.
On April 23, 1996, the commission received information regarding the presence of illegal gambling paraphernalia on appellant's premises. As a result, investigating agents from the commission gained access to appellant's private club on nine different days during February 1997. On five of those days, the undercover agent was admitted to the premises without question; on four days a bartender challenged the agent's presence. On each occasion when the agent was challenged, the agent produced a paid membership dues card although the agent was not actually a member of the club.
On each visit to appellant's premises, the agent observed gambling activities including raffles, a dice game, daily/monthly drawings and tip tickets. The commission obtained and executed a warrant to search appellant's club on February 28, 1997. As a result of the search, investigators seized various gambling paraphernalia and apparatuses.
On June 10, 1997, the commission issued eleven citations to appellant for permitting and/or allowing gambling on a premises with a liquor permit in violation of Ohio Adm. Code 4301:1-1-53, commonly known as "Regulation 53." Appellant admitted to all violations of Regulation 53 as charged and requested that the commission consider imposing a fine as a penalty for the violations.
The commission informed appellant that there would be an evidentiary hearing on all violations on August 13, 1997. No representative was present on behalf of appellant at the hearing.
On September 8, 1997, the commission issued orders for all eleven citations revoking appellant's liquor permit. Appellant appealed the revocation of its liquor permit to the Fayette County Court of Common Pleas pursuant to R.C. 119.12.
On appeal to the common pleas court, appellant moved the court to suppress all of the evidence the commission gathered by its agents during their investigatory searches of the premises. Appellant further moved the court to suppress all evidence seized during the execution of the search warrant on February 28, 1997. The court limited its scope of review to the commission's decision to revoke appellant's liquor permit and held that the decision was in accordance with the law and supported by reliable, probative and substantial evidence. From the decision of the common pleas court, appellant appeals raising two assignments of error.
Assignment of Error No. 1:
 THE FAYETTE COUNTY COURT OF COMMON PLEAS ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION TO SUPPRESS AND IN FAILING TO HOLD A HEARING THEREON.
In its first assignment of error, appellant argues that the trial court erred by failing to suppress the evidence the commission gathered during execution of the search warrant and through the investigatory visits to appellant's premises. Appellant challenges the validity of the search warrant and the allegedly deceptive practice of gaining access to appellant's premises by using a membership dues card. For the reasons that follow, we find that the common pleas court correctly limited its review to the commission's decision without regard to whether the commission obtained any evidence through any unreasonable searches and seizures.
R.C. 119.12 governs appeals taken from decisions of an administrative agency, including the Ohio Liquor Control Commission. Under R.C. 119.12, the common pleas court will affirm the decision of the administrative agency "if it finds, upon consideration of the entire record and such additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The agency's findings of fact are presumed to be correct and must be deferred to by the court unless the court "determines that the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest on improper inferences, or are otherwise unsupportable." VFW Post 8586 v.Liquor Control Comm. (1998), 83 Ohio St.3d 79, 81.
An appellate court's review of an agency decision is limited to whether the trial court abused its discretion. Lorain City Bd.of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,260-61. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. Lorain, 40 Ohio St.3d at 261.
The commission cited appellant eleven times for violating Regulation 53, which states, in relevant part:
 (B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01
of the Revised Code.
In response to the citations, appellant entered an "admission plea," that is, admitted to the truth of each of the charges.
The Supreme Court of Ohio has specifically upheld admission pleas before the commission without any necessity for additional evidence. Dept. of Liquor Control v. Santucci (1969), 17 Ohio St.2d 69, syllabus. In Santucci, the court stated:
 When appellee admitted before the commission the truth of the charges against him, it was equivalent to testimony on his part that those charges were correct, and accurately stated his wrongful and unlawful conduct. To hold that any additional testimony or evidence was necessary to support the charges would seem an unreasonable and unnecessary requirement.
Id. at 72. In reaching this conclusion, the court recognized that proceedings before the commission are not within the category of criminal cases, but "that rules pertaining to guilty pleas in criminal cases may properly and by analogy be applied." Id. at 71.
Thus, in a criminal case, a plea of guilty not only obviates the necessity of a trial and the presentation of evidence to establish the guilt of the accused, but it also constitutes a waiver of alleged errors by the trial court in not suppressing evidence. State v. Elliott (1993), 86 Ohio App.3d 792, 795. When an accused pleads guilty, no evidence is introduced against him. It then naturally follows that even if the state illegally obtains evidence, inasmuch as it is not used to prove guilt, it does not affect the validity of his conviction. Crockett v. Haskins
(1965), 2 Ohio St.2d 322, 323.
By analogy, the same principles must apply to a proceeding before the commission when a party admits to the truth of pending charges by an admission plea. Errors regarding suppression of evidence are waived and illegally obtained evidence cannot affect the validity of an admission plea inasmuch as it is not used to prove the truth of the charges.
Since appellant entered an admission plea to all of the charges, appellant cannot complain that the evidence gathered by the commission should have been suppressed. Appellant's admission to the truth of the charges obviates the need to introduce any additional evidence to prove the truth of the charges, without regard to whether the evidence was obtained legally. Presented with a voluntary and valid admission plea, there is no question that the decision of the commission was in accordance with law and supported by reliable, probative and substantial evidence. SeeSantucci, 17 Ohio St.2d at 72-73 ("[w]hen the Court of Common Pleas found that, upon appellee's admission of guilt, the orders against him were supported by `reliable, probative and substantial evidence,' it acted within the spirit and intent of the statute").
Therefore, the common pleas court did not abuse its discretion by failing to sustain appellant's motion to suppress. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error NO. 2:
 THE FAYETTE COUNTY COURT OF COMMON PLEAS ERRED BY FAILING TO MODIFY THE PENALTY IMPOSED BY THE LIQUOR CONTROL COMMISSION.
Appellant's second assignment of error maintains that the common pleas court erred by failing to modify the penalty imposed by the commission. Appellant appears to assert that a fine would be the appropriate penalty.
Since the common pleas court determined that the commission's decision was supported by reliable, probative and substantial evidence by virtue of appellant's admission plea, the common pleas court had no authority to modify an otherwise authorized penalty.
 On appeal from an order of an agency (as defined in Section 119.01, Revised Code) to the Court of Common Pleas, the power of the court to modify such order is limited to the ground set forth in Section 119.12, Revised Code, i.e., the absence of a finding that the order is supported by reliable, probative, and substantial evidence. * * * On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose * * *.
Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, paragraphs one and two of the syllabus; see, also, JaffalFood Market, Inc. v. Liquor Control Commission (Oct. 1, 1998), Cuyahoga App. No. 74449, unreported. R.C. 4301.25(A) clearly provides that the commission may suspend or revoke any liquor permit for any violation of a commission rule or sufficient cause.
The common pleas court determined that the commission's decision was in accordance with the law and was supported by reliable, probative and substantial evidence. The commission is authorized to revoke or suspend a liquor permit for a violation of its rules. Appellant admitted to eleven charges of violating Regulation 53. The common pleas court did not abuse its discretion by affirming the decision of the commission. Appellant's second assignment of error is overruled.
YOUNG and WALSH, JJ., concur.