DECISION
Appellant, Jackie, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming three separate orders of appellee, Ohio State Liquor Control Commission ("commission") that each revoked appellant's liquor permits. Appellant assigns a single error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
Because the common pleas court properly concluded the order of the commission is supported by substantial, reliable and probative evidence and is in accordance with law, we affirm.
Jackie, Inc., d/b/a DJ's Lounge in Akron, Ohio, holds D2, 2X, 3 and 3A liquor permits under permit No. 4191822-0001. Through a series of notices of hearing, appellant was advised of multiple violations of the Revised Code and/or the regulations of the commission. The cases ultimately were set for hearing on May 4, 2000, to determine whether appellant's permits should be suspended or revoked or forfeiture ordered for the alleged violations.
On May 4, 2000, case Nos. 1936-99 through 1959-99 were before the commission for resolution. The Department of Liquor Control ("department") advised it was dismissing all but three of the cases, leaving case No. 1936-99 that charged appellant with two violations involving bookmaking, case No. 1944-99 that charged appellant with two violations involving bookmaking and two violations involving tip tickets, and case No. 1953-99 that charged appellant with two violations involving bookmaking and two violations involving tip tickets. The department further advised appellant would be entering an admission to the charges, and in fact counsel for appellant stated "we admit the charges as stated." (Tr. 6.) Thereafter, the commission heard testimony from some of appellant's employees, as well as one of the agents involved in these cases, apparently with a view toward assessing mitigation and the appropriate penalty.
By order mailed May 23, 2000, the commission advised that in each of the three cases it had entered an order revoking appellant's license effective June 13, 2000. Appellant appealed to the common pleas court, asserting the commission's order is not supported by reliable, probative and substantial evidence and is not in accordance with law. At the same time, appellant sought a stay of the commission's order. By entry filed June 13, 2000, the common pleas court granted the stay during the pendency of the appeal.
Following the parties' briefing the issues, the common pleas court issued a decision and judgment affirming the order of the commission. More particularly, the common pleas court determined that appellant's admission obviated the need for the department to present any evidence whatsoever. Moreover, while appellant contested the severity of the penalty, the common pleas court determined it was "powerless to modify the order of revocation of the license by the Commission." (Decision and Entry, 4.) Accordingly, the common pleas court affirmed the commission's orders. Appellant appeals, again asserting the determination of the commission is not supported by reliable, probative and substantial evidence and is not in accordance with law.
Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280.
The common pleas court's "* * * review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews, supra, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra, at 111.
An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court explained:
 * * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment.
"Where the holder of permits to sell alcoholic beverages is charged with the violation of law and regulations of the Liquor Control Commission on the permit premises, his plea of guilty to such charges, knowingly and voluntarily made at the hearing thereon before the commission, is equivalent to testimony on his part that the facts set forth in such charges are true, and a suspension of his permits for a prescribed length of time by the commission, acting within its powers, is authorized. On the permit holder's appeal to the Court of Common Pleas under Section 119.12, Revised Code, that court may properly determine, within the spirit and objectives of the statute, that the orders against him by the commission were supported by `reliable, probative and substantial evidence.'" Dept. of Liquor Control v. Santucci (1969),17 Ohio St.2d 69, syllabus; see, also, Lindner v. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430, unreported; FOE Aerie 0423 v. Liquor Control Comm. (May 8, 2000), Fayette App. No. CA99-01-003, unreported (concluding an admission to charged violation eliminates need for evidence in support of violations).
Here, counsel for appellant unequivocally admitted to the charges before the commission. In accordance with that admission, the commission found the violations as charged. Because appellant admitted to the ten charges set forth in the three cases before the commission, the commission's determination is supported by reliable, substantial and probative evidence. The commission was not required to call witnesses to present evidence in support of the charged violations, and the common pleas court did not abuse its discretion in so determining.
Moreover, while appellant would have this court modify the sanction imposed, Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233 prevents our altering this sanction, stating: "On such appeal the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose on the ground that the agency abused its discretion." Id., paragraph three of the syllabus. R.C.4301.25(A) authorizes the commission to suspend or revoke any permit for violation of any of the applicable restrictions of the Revised Code or lawful rule of the commission. Appellant was charged with violations of Ohio Adm. Code 4301:1-1-53; appellant admitted to the violations. Having accepted appellant's admission, the commission by law was authorized to suspend or revoke appellant's permits. Premised in part on prior violations, the commission chose to revoke appellant's permits. Under circumstances such as those present here, neither the common pleas court nor this court is empowered to modify that sanction.
Relying on Freedom Rd. Found. v. Ohio Dept. of Liquor Control (1997),80 Ohio St.3d 202, appellant nonetheless suggests that to the extent the orders were premised on tip ticket violations, they are not supported by the requisite evidence and a revocation is inappropriate. Even if appellant's admission allowed us to consider the merits of its argument, the fact remains that at least one of the cases before the commission alleged two violations of bookmaking without any allegation of tip ticket violations. In that case the commission entered an order revoking appellant's permits. As a result, appellant's argument regarding the tip tickets is irrelevant to the ultimate suspension of appellant's permits.
Lastly, appellant contends it entered its admission solely because it believed the commission, in return, had agreed to something less than a revocation as the sanction for the cases at issue. The record, however, contains nothing to suggest any agreement regarding the sanction to be imposed. Indeed, the only suggestion of such an agreement occurs in appellant's motion for reconsideration, filed following the revocation orders. In response, the commission denied the motion, stating "counsel for permit holder did meet with the LCC prior to the Hearing with the Assistant Attorney General Raber. The LCC made no promises or commitments about not revoking the permit, or of any other penalty. Motion for Reconsideration denied. Motion to Withdraw Plea denied." We are compelled to accept the absence of an agreement in the record as an indication that no agreement was reached.
In the final analysis, the record fails to indicate any agreement on the sanctions to be imposed. In response to the charged violations, ten set forth in three separate cases, appellant entered admissions to the charges. Those admissions, the equivalent of guilty pleas, are sufficient to allow the trial court to find the violations to be supported by reliable, substantial and probative evidence. Moreover, given the inability of the common pleas court or this court to modify the sanctions imposed, the common pleas court did not abuse its discretion in refusing to do so. Accordingly, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.