OPINION
Appellant, FOE AERIE 2347, appeals from a judgment of the Franklin County Court of Common Pleas affirming orders of appellee, Ohio State Liquor Control Commission ("commission"), that sanctioned appellant for violations of pertinent statutory provisions and of Ohio Adm. Code4301:1-1-53 ("Regulation 53"). Appellant assigns a single error:
 THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION BECAUSE THE ORDER VIOLATES THE DOUBLE JEOPARDY PROVISIONS OF THE UNITED STATES AND OHIO CONSTITUTION[S] AND THE LEGAL PRINCIPLES OF RES JUDICATE [sic] AND COLLATERAL ESTOPPEL.
Because the common pleas court properly affirmed the orders of the commission, we affirm.
Pursuant to notice mailed April 21, 2000, appellant was advised of a hearing to be held on May 18, 2000 (case 1016-99) to determine whether appellant's D-4 liquor permit should be suspended or revoked for violations of provisions of the Revised Code and Regulation 53. The notice alleged appellant's agents or employees on July 18, 1998, permitted gambling on the premises in the form of tip tickets (violation 1), cash payoff on tip tickets (violation 2), and selling beer to a nonmember (violation 3). In addition, by notice of hearing also mailed April 21, 2000, appellant was advised of a hearing to be held on May 18, 2000 (case 691-00) concerning allegations that appellant's agents or employees permitted gambling on the premises on August 6, 1998, in the form of tip tickets (violation 1), daily/weekly drawings (violation 2), punch boards (violation 3), and fifty-fifty raffle (violation 4). Among seven cases pending before the commission against appellant on May 18, 2000, only cases 1016-99 and 691-00 are pertinent to this appeal.
On May 18, 2000, the matter came before the commission for hearing. At that time, appellant moved that all charges be dismissed, noting criminal charges had been filed in Darke County arising out of the same investigation. Appellant advised the commission that the trial judge in the criminal case had suppressed all evidence in the criminal proceeding, and as a result appellant requested that the alleged violations before the commission likewise be dismissed. Following oral argument, the commission overruled the motion to suppress.
Proceeding with the scheduled cases, the Department of Liquor Control advised it was dismissing all cases except 1016-99 and 691-00. Appellant stipulated to the investigator's reports, and on the basis of those reports the commission found violations in both cases. It ordered a one-hundred-day suspension in one case; in the other it imposed a concurrent one-hundred-day suspension, but offered as an alternative, a forfeiture of $20,000, or $200 per day.
Appellant appealed to the common pleas court, contending the orders of the commission are not supported by reliable, probative and substantial evidence and are not in accordance with law. Following briefing, the common pleas court issued a decision and judgment entry affirming the orders of the commission. Appellant appeals to this court, asserting the commission's orders violate the double jeopardy provisions of the United States and Ohio Constitutions and the principles of res judicata and collateral estoppel.
Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280.
The common pleas court's "* * * review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews, supra, at 280. In its review, the court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra, at 111.
An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court explained:
 * * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment.
Pursuant to R.C. 4301.25(A), the commission has authority to suspend or revoke a liquor permit for violations of R.C. Chapter 4301 or 4303, or any commission rule. Moreover, R.C. 4301.252 grants the commission authority to permit payment of a forfeiture in lieu of a suspension. Accordingly, on proof of a violation, the commission had the authority to suspend or revoke appellant's permit, and also to allow appellant to elect to pay a forfeiture.
As to the alleged violations, R.C. 4303.17 describes the permit granted appellant: "Permit D-4 may be issued to a club * * * to sell beer and any intoxicating liquor to its members only * * *." Further, Regulation 53 prohibits forms of gambling, stating:
 (B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01
of the Revised Code.
Accordingly, the applicable laws not only prohibit appellant's selling beer and intoxicating liquor to nonmembers, but also prohibits gambling as specified.
The notices of hearing sent to appellant charged violations of the foregoing provisions, including six allegations of gambling on the permit premises, and one incident of selling beer to a nonmember. In the hearing before the commission, appellant stipulated to the investigator's reports and does not challenge the commission's orders, or the common pleas decision to affirm them, on the basis of the evidence presented in support of the alleged violations.
Rather, in the common pleas court appellant contended the orders of the commission violated principles of double jeopardy and res judicata, including both claim preclusion and issue preclusion. More particularly, appellant asserted that the "evidence suppressed by the [Darke County Court] is the same evidence presented to the Commission. The Commission should have respected and followed the decision and entry of the court and dismissed the case." (Common Pleas Brief of Appellant, 7.)
In the criminal case, the Darke County Court issued a decision responding to appellant's motions to suppress and to dismiss. The court noted appellant based its motion to suppress on State v. VFW Post 3562 (1988), 37 Ohio St.3d 310, in which the Ohio Supreme Court determined that a warrantless administrative search could not be the basis to obtain evidence of general criminality not related to R.C. Chapter 4301 and 4303. Contending the case was exactly on point, appellant moved to dismiss the criminal charges that had arisen out of the liquor control agents' investigation of the permit premises. In overruling the motion, the court determined the "agents involved were not conducting a warrantless administrative search. Rather what they were doing was conducting an undercover criminal investigation in what the Court would describe as a public eating and drinking establishment because of the Defendant's advertisement that it was open to the public. While posing as customers and while eating and drinking, the agents observed in plain view various forms of gambling. At least as to the agents [sic] observations during the undercover investigation, there was no search, warrantless or otherwise." Accordingly, the court denied appellant's motion to suppress. The court added: "The Court heard no evidence concerning the actual seizure of gambling paraphernalia by any agent. If any such seizure occurred and if the seizure was warrantless, under the authority of State v. VFW Post 3562, such paraphernalia would be ordered suppress [sic]."
Appellant's motion to dismiss contended the liquor control agents had no authority to investigate the permit premises for R.C. Chapter 2915 gambling violations. Agreeing, the Darke County Court concluded "that liquor control agents can investigate permit premises for Administrative Code gambling violations but can not [sic] for general code gambling law violations. In other words, the legitimacy of the investigation depends on how the gambling violation is charged, even though the underlying criminal conduct would be the same. Since Section 5502.61 (2)[1] does not allow Ohio Liquor Law Control agents to enforce Chapter 2915 O.R.C. violations, and since a liquor control agent signed the criminal complaint, this Court finds Defendant's Motion to Dismiss well taken."
Given that the Darke County Court did not suppress the evidence before it, the common pleas court was not persuaded that double jeopardy or res judicata applied to foreclose the commission's proceedings. In its appeal to this court, appellant again contends the common pleas court erred in failing to conclude that principles of double jeopardy and res judicata precluded the administrative action the commission took against appellant, given the suppression of evidence in the criminal case in Darke County.
"The Double Jeopardy Clause provides that `no person [shall] be subject to the same offense to be twice put in jeopardy of life or limb.'" Hudson v. United States (1997), 522 U.S. 93, 98 (concluding that monetary penalties and occupational disbarment imposed as a result of administrative proceedings did not bar subsequent criminal trial arising out of the same conduct, as the administrative sanctions were not criminal penalties).
"Jeopardy attaches, so as to preclude subsequent criminal proceedings, at different points in time depending on the nature of the proceeding in question. Where a criminal defendant has invoked the right to trial by jury, jeopardy does not attach so as to preclude subsequent criminal proceedings until the jury is impaneled and sworn. Crist v. Bretz (1978),437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24. Similarly, jeopardy does not attach in a criminal bench trial until the court begins to hear evidence. Serfass v. United States (1975), 420 U.S. 377, 95 S.Ct. 1055,43 L.Ed.2d 265. In other situations, jeopardy based on having undergone an initial criminal trial attaches after acquittal or conviction. Brown v. Ohio (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187,194. In sum, insofar as the Double Jeopardy Clause precludes successive criminal prosecutions, the proscription is against a second criminal trial after jeopardy has attached in a first criminal trial." State v. Gustafson (1996), 76 Ohio St.3d 425, 435. (Emphasis sic.) Under those principles, jeopardy did not attach in the proceedings before the Darke County Court. Even if, however, we assume jeopardy attached in the county court proceedings, double jeopardy does not bar the proceedings before the commission.
As the United States Supreme Court explained, the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment. Id. Rather, the clause protects against the imposition of multiple criminal punishments for the same offense. Id. Because the proceedings before the commission were civil, the double jeopardy clause is not invoked.
"Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction." Hudson, supra, at 99. Generally, a court should inquire whether the statutory scheme is so punitive either in purpose or effect that the intended civil remedy has been transformed into a criminal punishment. Id. To make that assessment, the Supreme Court examined "(1) '[w]hether the sanction involves an affirmative disability or restraint'; (2) `whether it has historically been regarded as a punishment'; (3) `whether it comes into play only on a finding of scienter'; (4) `whether its operation will promote the traditional aims of punishment-retribution and deterrence'; (5) `whether the behavior to which it applies is already a crime'; (6) `whether an alternative purpose to which it may rationally be connected is assignable for it'; and (7) `whether it appears excessive in relation to the alternative purpose assigned.'" Id. at 99-100, quoting Kennedy v. Mendoza-Martinez (1963), 372 U.S. 144, 168-169.
Applying the relevant factors here, we note commission proceedings have traditionally been deemed civil. Dept. of Liquor Control v. Santucci (1969), 17 Ohio St.2d 69 ("proceedings before the Liquor Control Commission of the kind involved do not come within the category of criminal cases * * *"). Further, nothing suggests the penalty the commission imposed, a suspension or alternatively a forfeiture of a fixed sum of money, is punitive in form. Indeed, that such authority was granted to an administrative agency is some evidence the punishment is civil in nature. Hudson, supra. Moreover, the payment of money is a common sanction in civil proceedings, and the revocation of a privilege generally is not viewed as criminal punishment. Id.
Nor do the sanctions involve an affirmative disability or restraint: although appellant has been precluded from operating as a liquor dispensing entity, that sanction, as in Hudson, is not comparable to imprisonment. In addition, the sanctions do not come into play only on a finding of scienter; rather, sanctions may be imposed on anyone who violates the underlying statute or regulations. Moreover, the fact that the same conduct may give rise to criminal liability does not render the sanctions imposed here criminally punitive. Id. Lastly, while the sanctions imposed may deter others from committing the same violations, the deterrent effect, a traditional goal of criminal punishment, does not render the sanction here a criminal sanction: deterrence may also serve civil goals. Id. Because the facts here do not show by the clearest proof that the sanctions imposed as a result of the commission's proceedings are criminal, id., double jeopardy does not preclude action before the commission despite "favorable" proceedings before the Darke County Court.
"Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution as coextensive." Gustafson, supra, at 432. Because we have determined federal double jeopardy considerations are not violated in the commission's orders, we likewise determine the orders do not violate the Ohio Constitution. See Gustafson, supra, (finding criminal prosecution and an administrative license suspension constituted separate proceedings for double jeopardy purposes). While the sanctions imposed here include not only suspension but also forfeiture, that alternative does not require a different result. See FOE Aerie 0760 Kokosing v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96CA00020, unreported (concluding "in rem" forfeitures do not violate the Fifth Amendment to the United States Constitution because they do not constitute punishment); VFW Post 4027, Mt. Vernon v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96CA00022, unreported. Accordingly, appellant's contentions that the sanctions imposed here violate the double jeopardy clauses of the Ohio and United States Constitutions are unpersuasive.
The doctrine of res judicata embraces both claim preclusion and issue preclusion, historically known as estoppel by judgment and collateral estoppel, respectively. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381. Appellant asserts the claims are barred by both claim and issue preclusion. Claim preclusion provides that a valid, final judgment rendered on the merits after a fair and full opportunity to litigate all claims bars all subsequent actions between the same parties or their privies arising out of the transaction or occurrence that gave rise to the prior action. Id. at 382-383. In contrast, issue preclusion provides that an issue or a fact that was fairly, fully, and necessarily litigated and determined in a prior action, may not be drawn into question in a subsequent action between the same parties or their privies. Brady v. Brady (June 6, 1997), Montgomery App. No. 16213, unreported.
Neither claim preclusion nor issue preclusion applies here. Claim preclusion will not bar the commission's orders against appellant, as the action in the Darke County Court did not grant appellant's motion to suppress the evidence; it granted the motion to dismiss premised on the liquor control agents' lack of authority to bring a charge under the general criminal provisions of R.C. Chapter 2915. The stated rationale for dismissing the criminal case in Darke County cannot be deemed to preclude administrative action, as instigation of administrative proceedings, not criminal cases, is the function of the liquor control agents. Similarly, issue preclusion does not apply because the sole issue appellant contends was litigated favorably in the Darke County Court, in actuality was not determined in appellant's favor: the Darke County Court did not suppress the evidence and, as a result, the commission could not be bound by principles of issue preclusion to do the same.
On appeal, appellant also asserts the Darke County Court determined the investigation was criminal, not administrative. Contending that a general criminal investigation cannot support an administrative proceeding, and arguing the Darke County decision is binding on the commission, appellant contends the order of the commission cannot stand. Appellant did not raise that issue before the commission, the common pleas court, or in its brief to this court; only in oral argument did appellant for the first time pose the argument. Appellant having failed to raise the issue either before the commission or the common pleas court, we decline to pass on what the two prior tribunals have not had an opportunity to address. Moreover, the Darke County Court's statement that the agents had conducted a "criminal investigation" arguably is purely dicta, as the court ultimately dismissed the criminal charges because the agents lacked the authority to file criminal charges under the general criminal statutes.
For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.
[1] R.C. 5502.61 has been repealed.