OPINION
{¶ 1} Appellant, Easy Brothers, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee, Ohio Liquor Control Commission ("commission"), which in turn affirmed an order of the Ohio Department of Commerce, Division of Liquor Control ("division"). Appellant, having been charged with selling a mixed drink to a person under the age of 21, entered a plea of denial with stipulation and was found in violation of R.C. 4301.69(A) and received a 30-day suspension of its liquor license.
 {¶ 2} On February 1, 2002, the Department of Public Safety/Liquor ("department") sent appellant notice that a hearing would be held regarding the following two alleged violations:
Violation # 1: On or about December 7, 2001, you and/or your agent and/or employees MARK C. LOKAR and/or LARRY BARRECA and/or your unidentified agent and/or employee did sell in and upon the permit premises intoxicating liquor, to wit, MIXED ALCOHOLIC BEVERAGES and/or VODKA to CONFIDENTIAL INFORMANT #V-00-13, who was then and there under 21 years of age in violation of Section4301.69(A) of the Ohio Revised Code.
Violation # 2: On or about December 7, 2001, you and/or your agent and/or employees MARK C. LOKAR and/or LARRY BARRECA and/or your unidentified agent and/or employee did furnish in and upon the permit premises intoxicating liquor, to wit, MIXED ALCOHOLIC BEVERAGES and/or VODKA to CONFIDENTIAL INFORMANT #V-00-13, who was then and there under 21 years of age in violation of Section4301.69(A) of the Ohio Revised Code.
 {¶ 3} The hearing was conducted on February 12, 2003. At the hearing, appellant agreed to stipulate to the investigative report, at which time the second charge was dismissed and appellant entered a denial as to the first charge. The confidential informant testified at the hearing, stating that she was 19 years of age on the date of the incident. The informant testified that she purchased an "Absolut Cranberry" and that no one asked her for identification.
 {¶ 4} According to the investigative report, a liquor agent and detectives with the Columbus Police Department visited the permit premises located at 1915-21 Channingway, Columbus, on December 7, 2001, at approximately 11:15 p.m. At that time, a 19-year-old confidential informant "made a successful purchase of (1) one glass of Absolut Vodka Cranberry Juice."
 {¶ 5} Following the sale, one of the detectives secured the drink and the liquor agent entered the store and identified himself to the manager, later identified as Mark C. Lokar. The agent explained the alleged violations to Lokar. The report noted that a Columbus police detective "took custody of the evidence and placed it in safekeeping pending delivery to the evidence office." It is undisputed that no chemical analysis of the sample was conducted, and no evidence of the alcohol content of the sample was submitted as evidence.
 {¶ 6} On March 4, 2003, the commission entered a 30-day suspension of appellant's license, upon which appellant filed a notice of appeal with the trial court. In affirming the order of the commission, the trial court rejected appellant's argument that appellee had failed to prove the mixed drink contained alcohol because no chemical analysis was conducted. The court stated:
* * * The stipulated facts indicate that the drink sold to the informant contained Absolut vodka. The informant also testified at the hearing that she purchased an Absolut and cranberry juice, and that she attempted to and was successful at purchasing an alcoholic beverage. Accordingly, the Court concludes that the record contains reliable, probative and substantial evidence that the mixed drink contained alcohol.
 {¶ 7} On appeal, appellant sets forth the following two assignments of error:
I. The court below erred when it found that the order of the liquor control commission was supported by reliable, probative and substantial evidence.
II. The court below erred when it affirmed the order of the liquor control commission because the order was not in accordance with law as it violated the united states and ohio constitutions.
 {¶ 8} In Dave's Drive Thru, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court noted the applicable standards of review for a trial court and an appellate court in reviewing an administrative appeal under R.C. 119.12, stating in relevant part:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 407 N.E.2d 1265.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214, 500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co.
(1983), 11 Ohio App.3d 159, 463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,587 N.E.2d 835.
 {¶ 9} Appellant was charged with violating R.C. 4301.69(A), which provides, in part:
Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian.
 {¶ 10} R.C. 4301.01(A)(1) defines "intoxicating liquor" as including:
* * * [A]ll liquids and compounds, other than beer, containingone-half of one per cent or more of alcohol by volume which are fit to use for beverage purposes, from whatever source and by whatever process produced, by whatever name called, and whether they are medicated, proprietary, or patented. "Intoxicating liquor" and" liquor" include wine even if it contains less than four per cent of alcohol by volume, mixed beverages even if they contain less than four per cent of alcohol by volume, cider, alcohol, and all solids and confections which contain any alcohol.
(Emphasis added.)
 {¶ 11} R.C. 4301.01(B)(4) defines "mixed beverages" such as:
* * * [B]ottled and prepared cordials, cocktails, and highballs, are products obtained by mixing any type of whiskey, neutral spirits, brandy, gin, or other distilled spirits with, or over, carbonated or plain water, pure juices from flowers and plants, and other flavoring materials. The completed product shall contain not less than one-half of one per cent of alcohol by volume and not more than twenty-one per cent of alcohol by volume.
 {¶ 12} Appellant's first assignment of error charges that the department failed to prove the mixed drink contained the requisite amount of alcohol to make serving it to an underage person a violation. Specifically, appellant argues that the stipulated report failed to contain a chemical analysis, and there is no indication that an analysis was ever conducted. As a result, appellant claims the department failed to prove a critical element of the charge, and the commission was not justified in concluding a violation had occurred.
 {¶ 13} Appellee admits that no chemical analysis was conducted but counters that, in stipulating to the report, appellant admitted that the state proved all elements of the violation, thus the stipulation was the equivalent of an admission. In support, appellee cites Liquor Control Comm. v.Woodgay (Sept. 23, 1981), Summit App. No. 10145, which determined that the effect of the liquor establishment's stipulation to a charge of selling beer to minors was an admission that the establishment had been correctly charged with unlawful conduct. Id., citing Dept. of Liquor Control v.Santucci (1969), 17 Ohio St.2d 69. However, both Woodgay andSantucci may be distinguished from the facts in the instant case.
 {¶ 14} In Santucci, the Ohio Supreme Court determined that the permit holder's plea of guilty to four violations obviated the necessity of a trial and the submission of additional supporting evidence of the violations. Appellant in the case at bar did not plead guilty to the charges lodged against him, but, rather, entered a "denial with stipulation," by which he admitted the truth of the facts contained within the charges but denied that those facts constituted a violation of the law.
 {¶ 15} In Woodgay, the charge was that the establishment had served beer to minors. Although the facts in that case are scant, we note that the statute specifically prohibits selling beer to an underage person, and that the alcoholic content of beer is not generally in dispute because it is not altered or diluted after manufacture. See, e.g., In re Bland, Tuscarawas App. No. 2001 AP 12 0109, 2002-Ohio-3837; Glossip v. LiquorControl Comm. (July 24, 2001), Franklin App. No. 00AP-1074;Cleveland v. Husain (May 23, 1985), Cuyahoga App. No. 49161;In re Litterst (June 26, 1998), Lake App. No. 97-L-135; Kempev. Bd. of Liquor Control (1957), 91 Ohio Law Abs. 425, 156 N.E.2d 344. Accordingly, numerous cases have held that the serving of beer in bottles, the drinking of beverages which look like beer (yellow liquid with a head on it), or other circumstantial evidence regarding the serving of beer may be sufficient to support a charge of serving beer to underage persons such that no chemical analysis is needed. See D. MichaelSmith Ent., Inc. v. Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332, and cases cited therein.
 {¶ 16} By contrast, here the drink allegedly served was a "mixed drink," which may or may not have contained the requisite percentage of alcohol rendering its service a violation. In support of the charges, appellee submitted only a written report, which stated:
Pursuant to a joint enforcement investigation with the Columbus Police Vice Section, Agent R. Robinson and detectives form the Columbus Police Vice Dept. visited the permit premise known as Easy Brothers Inc. located at 1915-21 Channingway, Columbus, Ohio 43232, on Saturday, December 7, 2001 at approximately 11:15 pm. Agent Robinson maintained surveillance, while vice detectives and reliable confidential #V-00-13 entered into the above mentioned premises and made a successful purchase of (1) one glass of Absolut vodka cranberry juice. Det. M. Battle of Columbus Vice secured the alcohol. Agent Robinson and the Columbus P.D. personnel exited the permit premises. Agent R. Robinson re-entered the permit premises and properly identified himself to the manager later identified as Mark C. Lokar, of 305 Bruce Ct. Westerville, Ohio 43081. Agent Robinson explained and issued violation #24914: sale and/or furnishing intoxicating liquor to a person under 21 years of age. Det. L. Wells prepared [and] issued the criminal charge: sale and/or furnishing intoxicating liquor to a person under 21 years of age. (Please see the attached copy of the Columbus Police summary of the events).
Agent Robinson and the Columbus officers exited the permit premises without further incident. Det. L. Wells of Columbus Vice took custody of the evidence and placed it in safekeeping pending delivery to the evidence office.
 {¶ 17} The Columbus Police Department summary, attached to the report, named four Columbus Police detectives and one liquor agent as witnesses and stated, in part:
To further investigate the Columbus Police Vice complaint, vc-01-1206, wit #1, wit #2, wit #3, and wit #4 on 12/7/01, used vice section reliable confidential informant, c.i. v-00-13 to attempt a purchase of alcohol at the Big Easy. This establishment is located at 1921 Channingway Center Drive. At approximately 11:15 pm, on the above listed date, [witnesses 1 through 4] along with the assistance of wit #5, entered the establishment and purchased three alcoholic beverages from a male white, 5'5-5'7, 160 lbd, white shirt, brown hair and blue eyes. At the same time, Columbus Police Reliable Confidential Informant also entered the establishment and purchased one mixed drink from the same male white. The bartender * * * handed v-00-13 an absolut and cranberry mixed drink. This drink is comprised of Absolut Vodka and cranberry juice. V-00-13 handed the defendant a five dollar bill and the defendant gave her fifty cents in return. Wit #1 and wit #5 witnessed this entire transaction. After receiving the drink, v-00-13 went to the ladies restroom, followed by wit #4. There, she handed the mixed drink to wit #4. Wit #4 obtained a sample of the drink and poured the remaining drink into the toilet. Both, wit #4 and V-00-13 then exited the premises. The above listed c.i. is 19 years old and has a date of birth of 5/28/82. Wit #5 assisted wit #1 in citing the bartender for violation of section 4301.69(a) of the O.R.C., Sell, Buy, and/or Furnish to a Minor. The sample of the alcoholic beverage was collected and taken to the Columbus Police property room for analysis, property number #01-23738. Wit # 5 also cited the establishment for its liquor violation.
 {¶ 18} The only other evidence supporting the charges consisted of the hearing testimony of the underage confidential informant, a portion of which stated:
Q. Ma'am, you were working with the police that night?
A. Yes.
Q. And what was it that you tried to buy that night?
A. Absolute [sic] and Cranberry.
Q. And was it sold to you?
A. Yes.
Q. Did anyone ask you for any identification?
A. No.
 {¶ 19} Had appellant entered a denial with stipulation to a charge which contained all of the above, along with a chemical analysis demonstrating that the beverage served to the underage confidential informant contained the requisite percentage of alcohol, the trial court could have properly concluded there was reliable, probative and substantial evidence supporting the violations with which appellant was charged. We recognize that, in some cases, there may exist other reliable, probative and substantial evidence of alcohol content in lieu of the chemical analysis report. However, in the instant case, without the chemical analysis, the commission and the trial court had before them only evidence that an underage confidential informant requested a mixed drink and was served a drink which may or may not have contained an unknown quantity of alcohol. This evidence is not sufficient to constitute reliable, probative and substantial evidence of a violation.
 {¶ 20} Regarding appellant's additional argument under this assignment — that appellee did not prove that any agent or employee was involved in serving the alleged mixed drink — we find that appellee presented sufficient evidence supporting a conclusion that appellant's agent provided the drink. With regard to this issue, the trial court stated:
The investigative report states that the informant purchased the drink from a white male. It then states that the bartender, identified as Larry Barreca, handed the alleged mixed drink to the informant. The report includes a sketch showing Mr. Barreca as the only employee behind the bar.
The issue here is whether the Commission's finding is supported by reliable, probative and substantial evidence. Given that the stipulated facts show that Mr. Barreca was the bartender, that he handed the drink to the informant, and that he was the sole employee behind the bar, the Commission could reasonably infer that it was Mr. Barreca who sold the drink to the informant.
 {¶ 21} We agree with the trial court that this evidence was sufficient to establish that appellant's agent provided the drink. Nevertheless, pursuant to the above analysis, we conclude that appellee did not prove the mixed drink contained the required amount of alcohol as defined in R.C. 4301.01, and that the trial court erred in affirming the commission's order finding a violation of R.C. 4301.69(A). Appellant's first assignment of error is sustained.
 {¶ 22} Given our disposition of appellant's first assignment of error, we need not reach issues raised by appellant's second assignment of error, which, inter alia, charges that the penalty assessed was unconstitutional. We therefore overrule as moot appellant's second assignment of error.
 {¶ 23} Appellant's first assignment of error is sustained, its second assignment of error is overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court with instructions to enter judgment in favor of appellant.
Judgment reversed and cause remanded with instructions.
Watson, J., concurs.
Bowman, J., dissents.