**KEMPE, d. b. a. TONY'S PONY KEG, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 195441.   Decided February 27, 1957.

Charles C. Boyle, Cincinnati, for appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By LEACH, J.

### HEARD ON APPEAL FROM ORDER OF BOARD OF LIQUOR CONTROL—AFFIRMED

This is an appeal from the order of the Board of Liquor Control of May 22, 1956, under the terms of which appellant's Class C-1 and D-2 Permits were suspended for a period of twenty-eight days on the basis of a finding that beer had been sold on the permit premises on March 3, 1956, to one James Brim, a minor, being then sixteen years of age and also to Samuel Gartly Williamson, a minor, also sixteen years of age.

No brief has been filed for the appellant within the twenty days after the filing of the transcript of the Record or since that time, as required by Rule XXI-A of this court. However, appellant did file a "petition on appeal" which in certain respects is tantamount to a brief. Thus we will not dismiss the case for want of prosecution but will consider the case on its merits.

Appellant asserts that the Board erred in admitting into evidence a certified photostatic copy of a birth certificate of James Brim since the "birth certificate was at variance with the testimony of the prosecuting witness." James Brim testified that he was born on April 26, 1939, at Beattyville, Kentucky, that his mother's name was May and his father's name was James. This exact information is contained on the birth certificate, showing his date of birth to be April 26, 1939, and that he was born in Beattyville, Kentucky, in Lee County, Kentucky. We conclude as a matter of fact therefore, that James Brim was sixteen years of age on March 3, 1956.

Appellant further contends that the Board erred in admitting into evidence two bottles, one containing a portion of fluid and the other completely empty, without any chemical analysis of the alcoholic content of the fluid in such bottles. The two bottles referred to are labeled as Schoenling Bock Beer, the testimony disclosing that Brim and Williamson were discovered by police with such beer in their possession in a parked automobile on the day in question. Under the provisions of §4301.22(A) R. C., no beer shall be sold to any person unless he is eighteen years of age. Beer is defined by §4301.01 R. C., as including all malt beverages containing ½ of 1% or more of alcohol by weight but not more than 3.2% of alcohol by weight. Bearing in mind that the exact alcoholic content of such beer need not be proven, certainly, we may assume that when the permit holder sold to Brim two bottles of what purported to be Schoenling Bock Beer, that the bottles sold did actually contain Schoenling Bock Beer. We do so conclude as a matter of fact.

Objection is made by the appellant to the testimony of James Brim as to the contents of the bottles tasting and smelling like beer. In our opinion such, when coupled with the fact as to the labeling of the bottles and the admission of the permit holder that he did handle and sell Schoenling Bock Beer, is competent testimony.

Appellant also complains of the fact that an Assistant Attorney General was permitted to cross-examine, to some extent, a policeman as to statements alleged to have been made to him by the permit holder. In view of the apparent discrepancy between the testimony of such

policeman and the statement allegedly made to the Assistant Attorney General prior to the hearing, we find that such was not improper. The question of permitting cross-examination in such cases is a matter basically for determination of the trial tribunal and should not be reversed in the absence of an abuse of such discretion. We find no such abuse.

In any event we independently conclude from an appraisal of other testimony in the Record that the charge of selling beer to James Brim, a minor, being then and there sixteen years of age, is fully supported by the Record. In view of the fact that James Brim purchased the beer and later gave one bottle to Samuel Gartly Williamson, there was no evidence to support the charge as to a sale to Mr. Williamson. Actually, there was no effort during the process of the hearing to even attempt to support such a charge and no evidence was introduced whatsoever in this respect.

In accordance with the opinion of the Supreme Court in the case of **Andrews v. Board of Liquor Control**, 164 Oh St 275, we have examined the entire record and have appraised all of the evidence as to the credibility of witnesses, the probative character of the evidence and the weight to be given to it. From this appraisal we conclude that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law. The same therefore is affirmed.

Entry may be prepared accordingly.