OPINION
Stella Faye Glossip, appellant, is the owner and liquor permit holder of Tyler's Sports Bar in Franklin, Ohio. Appellant was cited for a violation of R.C. 4301.22(B), sale of alcohol to an intoxicated person. A hearing was held on October 6, 1999, before the Ohio Liquor Control Commission ("commission"), but no one appeared on behalf of the permit holder. The commission issued its order revoking the liquor permit. Appellant appealed to the Franklin County Court of Common Pleas. The common pleas court ordered a suspension of the execution of the commission's order and the court then affirmed the commission's order. Appellant then filed a notice of appeal to this court and raises the following assignments of error:
 I. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE LIQUOR CONTROL COMMISSION BY FINDING THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
 II. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE LIQUOR CONTROL COMMISSION BASED UPON EVIDENCE PROVIDING CONSTRUCTIVE KNOWLEDGE AND NOT ACTUAL KNOWLEDGE AS REQUIRED BY GRESSMAN V. McLAIN [SIC] (1988), 40 OHIO ST.3d 359.
Appellant has appealed pursuant to R.C. 119.12. R.C. 119.12 provides the standard of review for the common pleas court, as follows:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the standard of review for an appellate court as follows:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
On questions of law, however, the common pleas court does not exercise discretion and the court of appeals review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus. In Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571, the Supreme Court of Ohio defined reliable, probative and substantial evidence as follows:
 The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Citations omitted.]
Thus, our standard of review is limited to whether the trial court abused its discretion in finding the commission's order was supported by reliable, probative and substantial evidence or that it was in accordance with law.
By the first assignment of error, appellant contends that the common pleas court erred when it affirmed the commission's order, and found that it was supported by reliable, probative and substantial evidence and that it was in accordance with law. Appellant argues that the evidence provided to support the commission's order was not substantial because the investigative report was lacking details. At the hearing before the commission, the notice of hearing, proof of personal service, and the investigator's signed report were admitted into evidence. Also, Derrick Roberts, the Ohio Department of Public Safety, Investigative Unit Commission Liaison, testified as to the accuracy of the investigative report and that such reports are prepared in the normal course of business after an agent has issued a violation notice. The investigative report provided the following facts: On August 29, 1998, a liquor agent, Eric Johnson, was in the permit premises posing as a patron and Johnson observed a patron, later identified as Dallas Winstead, asleep at the bar. Winstead stood up, using the bar as a brace and ordered a beer from the barmaid, who placed a twelve-ounce can of Bud Light beer in front of Winstead. Winstead handed the barmaid money, which was then placed in the cash register. Winstead's speech was slurred, his eyes were bloodshot and he had trouble standing without using the bar for support. Agent Johnson then observed Winstead consume some of the beer, almost fall when dancing, and stumble out of the premises. Winstead returned approximately five minutes later and began to consume his beer again. At that time, liquor agent Harold Torrens and Franklin Police Officer Shannon Callahan entered the premises and identified themselves to the barmaid, the patron and appellant, who was also present that evening. Officer Callahan administered a field sobriety test to Winstead, who performed poorly. Officer Callahan felt Winstead was very intoxicated and that his blood alcohol content level was close to .28. The agents issued a violation notice to appellant and retained the twelve-ounce can of beer for chemical analysis.
R.C. 4301.22(B) provides, as follows:
 No permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person.
The commission is authorized pursuant to R.C. 4301.25(A) to suspend or revoke the permit of anyone found to be in violation of any of the applicable restrictions of R.C. Chapters 4301. and 4303. or any lawful rule of the commission. In this case, the permit premises had several prior violations, which appear to have arisen out of one incident and resulted in a thirty-day suspension.
Appellant argues that, since no chemical analysis was provided of the beverage, there was no evidence that the beverage was beer. The common pleas court found that appellant had waived this argument since it was not made at the hearing before the commission. The argument is meritless. The investigative report provided that the barmaid gave the patron a twelve-ounce can of Bud Light beer. In City of Cleveland v. Husain (May 23, 1985), Cuyahoga App. No. 49161, unreported, citing Kempe v. Bd. of Liquor Control (1957), 81 Ohio Law Abs. 425, the court stated that "[c]hemical analysis is not necessary to establish that a mass produced beer comes within the legal definition [of intoxicating liquor]." Since Bud Light is a mass produced beer, chemical analysis was not necessary in this case.
Appellant also contends that the evidence failed to establish that Winstead was intoxicated and that Officer Callahan's statements concerning Winstead's intoxication level and the field sobriety tests should have been excluded. Even without Officer Callahan's statements as reported by Agent Johnson, there was reliable, probative and substantial circumstantial evidence supporting that Winstead was intoxicated. Agent Johnson reported that Winstead needed the bar for support to stand and order his beer, his speech was slurred, his eyes were bloodshot, and he had trouble dancing and stumbled out of the bar.
Appellant also argues that there was no evidence that the barmaid was convicted or that Winstead was convicted. While such evidence may have supported the case, such evidence was not necessary.
Finally, we note that the permit premises had several prior violations which had resulted in a thirty-day suspension. R.C. 4301.25(A) provides that the commission is authorized to suspend or revoke the permit of anyone found to be in violation of any of the applicable restrictions of R.C. Chapters 4301. and 4303. or any lawful rule of the commission. Thus, the commission was acting within its authority. Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the common pleas court erred when it affirmed the commission's order because it relied upon constructive knowledge rather than actual knowledge of intoxication as required by Gressman v. McClain (1988), 40 Ohio St.3d 359. The Supreme Court of Ohio has indicated, in various civil actions for damages based on negligence per se, that actual knowledge of intoxication is a necessary prerequisite to showing a violation of R.C. 4301.22(B). See Gressman, supra, at 363. Although there was no direct evidence that the barmaid or appellant had actual knowledge of Winstead's intoxication, there was sufficient circumstantial evidence to support a finding that the barmaid or appellant had such knowledge. As stated above, Winstead had been asleep in the bar, he needed the bar for support to stand and order his beer when he awoke, his speech was slurred, his eyes were bloodshot, and he had trouble dancing and stumbled out of the bar. All of this evidence combined is sufficient to demonstrate that there was actual knowledge that Winstead was intoxicated. Appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ KENNEDY, J.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.