OPINION
{¶ 1} Defendant-appellant Jason Bland [hereinafter appellant] appeals the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, adjudicating him to be delinquent for having violated R.C. 4301.632, underage possession of beer.
{¶ 2} The charges stem from a party attended by appellant on June 29, 2000, in a rural portion of Tuscarawas County. Deputies of the Tuscarawas County Sheriff's Department responded to the location after receiving a complaint about noise. As the deputies approached an area where there was a bonfire, the deputies testified that they observed appellant on the tailgate of a pickup truck. The officers testified that it was a bright night and there was the light of the bonfire. The officers saw appellant with a can of beer in one hand and a can cooler in the other hand. As the officers continued to approach, the officers saw appellant reach inside the bed of the truck. The deputies then heard a thud in the bed of the truck. Upon reaching appellant, Sergeant McEnroe found an unopened can of Busch beer lying in the bed of the truck near appellant's left foot. According to Sergeant McEnroe, the can was full and seemed cold.
{¶ 3} The other deputy at the scene, Deputy Lowery, corroborated the testimony of Sergeant McEnroe. Deputy Lowery claimed that he observed a beer can in one of appellant's hands and a can cooler in the other. Deputy Lowery claimed that he saw appellant drop the can into the bed of the truck. Deputy Lowery also testified that appellant was under the age of 21 at the time of the incident.
{¶ 4} Appellant testified on his own behalf and stated that he drank only Pepsi Cola that night. Appellant presented witnesses who had also attended the party. They testified that they did not see appellant consume nor possess alcohol that night.
{¶ 5} A complaint was filed in the Juvenile Division of the Court of Common Pleas of Tuscarawas County alleging that Jason Bland was delinquent by virtue of violating R.C. 4301.632, possession of beer. Appellant was arraigned on August 28, 2001. Appellant entered a denial of the charge.
{¶ 6} The matter was tried on November 8, 2001. The trial court found Jason Bland to be a delinquent child by virtue of his having possessed beer on June 29, 2001.
{¶ 7} The trial court imposed the following disposition: Appellant was fined $100.00, appellant's driver's license was suspended for a period of six months, starting November 8, 2001, and appellant was ordered to pay court costs. Appellant filed a Motion to Stay the Imposition of Sentence pending appeal. That motion was granted by the trial court.
{¶ 8} It is from the trial court's adjudication of appellant as a delinquent child and the resulting disposition that appellant appeals, raising the following assignments of error:
 {¶ 9} I. "THE JUVENILE COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29, BECAUSE THERE WAS INSUFFICIENT EVIDENCE PRESENTED BY THE PROSECUTION ON THE ESSENTIAL ELEMENTS OF KNOWINGLY, POSSESSING BEER TO SUSTAIN A FINDING OF DELINQUENCY BASED ON A CHARGE OF POSSESSION BEER [SIC], IN VIOLATION OF R.C. 4301.632."
 {¶ 10} II. "THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED THE OFFENSE OF POSSESSION OF BEER, CONTRARY TO R.C. 4301.632."
 {¶ 11} III. "ADJUDICATION OF THE APPELLANT DELINQUENT FOR KNOWINGLY POSSESSING BEER CONTRARY TO R. C. [SECTION] 4301.632 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} IV. "THE JUVENILE COURT'S ORDER OF DISPOSITION CONSTITUTED AN ABUSE OF DISCRETION."
 I
{¶ 13} In the first assignment of error, appellant argues that the trial court erred when it denied appellant's motion for acquittal, pursuant to Crim.R. 29. We disagree.
{¶ 14} Criminal Rule 29 states the following, in pertinent part:
 {¶ 15} The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
{¶ 16} In reviewing the trial court's ruling on a motion for judgment of acquittal, the Court of Appeals must view the evidence in a light most favorable to the state. State v. Cooper (Ohio App. 12 Dist. 2000) 139 Ohio App.3d 149, 743 N.E.2d 427. Pursuant to Crim R 29(A), a court shall not order an entry of judgment of acquittal if any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
{¶ 17} Appellant was alleged to have possessed beer, in violation of R.C. 4301.632. Revised Code 4301.632 states the following, in relevant part:
{¶ 18} Except as otherwise provided in this chapter, no person under the age of twenty-one years shall . . . possess any beer or intoxicating liquor, in any public or private place.
{¶ 19} Beer is defined in R.C. 4301.01(B)(2) as including "all brewed or fermented malt products containing one-half of one percent [½ of 1%] or more of alcohol by volume but not more than six percent of alcohol by weight."
{¶ 20} Appellant argues that in order to prove appellant possessed beer, the State was required to introduce evidence of a chemical analysis of the substance in the Busch beer can which he allegedly possessed. Appellant cites this court to State v. Brandt (December 17, 1986), Tuscarawas App. No. 86AP07-0057, unreported, for the proposition that there must be a chemical analysis of the substance to confirm that it is beer containing one-half percent or more of alcohol by weight. We disagree.
{¶ 21} In State v. Brandt, this court reversed a conviction for selling alcohol to underage persons. In Brandt, this court observed the following:
{¶ 22} No physical evidence of the beer or the bottle containers were admitted into evidence. . .
{¶ 23} "[B]eer" has been defined in [para.(B)(2)] of R.C. 4301.01
as including "all brewed or fermented malt products containing one-half of one percent or more of alcohol by weight but not more than six per cent of alcohol by weight."
{¶ 24} There was no testimony of chemical analysis and no physical evidence introduced at trial. Moreover, no witness was called to testify that Busch beer was a brewed or fermented malt product containing one-half of one percent or more alcohol by weight.; State v. Brandt, supra.
{¶ 25} We find the Brandt case distinguishable from the case herein. In Brandt, while there was no chemical analysis of the substance in question, there was no physical evidence of the alleged beer at all. The State did not present any physical evidence that the alleged substance was beer. No beer can was admitted into evidence.
{¶ 26} Here, the arresting officers seized the can of Busch beer and the can was admitted into evidence at trial. We agree with other courts of appeal which have found that chemical analysis is not necessary to establish that commercially produced beer contains enough alcohol to be considered "beer." In City of Cleveland v. Husain (May 23, 1985), Cuyahoga App. No. 49161, the Eighth District Court of Appeals held as follows: "Chemical analysis is not necessary to establish that a mass produced beer comes within the legal definition." (citing Kempe v. Boardof Liquor Control (1957), 81 Ohio Law Abs. 425, 156 N.E.2d 344.) Therefore, the Husain court held that there was no need for a chemical analysis to establish that the unopened package of Busch beer was "beer", as defined by R.C. 4301.22(A).[1]
{¶ 27} In this case, the State introduced the unopened can of Busch beer. Busch beer is a mass produced beer sold in Ohio as "beer". Therefore, we find that there was no need for the State to open the can and test its contents to determine that the contents were within the legal definition of beer.
{¶ 28} Construing the evidence, in a light most favorable to the State, we find that the trial court did not error when it denied appellant's motion for acquittal.
{¶ 29} Appellant's first assignment of error is overruled.
 II III
{¶ 30} In appellant's second assignment of error, appellant argues that the State failed to show beyond a reasonable doubt that appellant committed the offense of underage possession of beer. In the third assignment of error, appellant contends that the adjudication of appellant as delinquent for possessing beer was against the manifest weight of the evidence. We will consider these assignments of error together.
{¶ 31} Appellant's argument that the State failed to prove beyond a reasonable doubt that appellant committed the offense is a sufficiency of the evidence claim. In State v. Jenks (1981), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
{¶ 32} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 662 N.E.2d 27 (citing State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of syllabus.
{¶ 33} Appellant contends that the deputies' testimony was not credible and that appellant presented evidence that appellant was drinking Pepsi only that night. In this case, Sergeant McEnroe testified that the moon was bright and that the light was reflecting off of the can in appellant's hand. Both deputies testified that although they first saw the can at 25 to 30 yards, it was bright enough for them to identify the can in appellant's hand as a can of beer. The officers saw appellant place, or drop, the can into the bed of the truck. Further, the officers testified that once they approached appellant, they found the can of Busch beer near appellant's foot. The only object near appellant was the can of Busch beer. The officers did not see any can of Pepsi, which appellant alleged that he possessed. Under these circumstances, we find that there was sufficient evidence to support appellant's adjudication. Further, because of the testimony presented and because credibility of witnesses is primarily for the trier of fact, we find that the trier of fact did not create a manifest miscarriage of justice or lose its way.
{¶ 34} Appellant's second and third assignments of error are overruled.
 IV
{¶ 35} In the fourth assignment of error, appellant alleges that the disposition imposed on appellant was an abuse of discretion. Appellant contends that the disposition was inappropriate for the seriousness of the offense. Appellant presents no further argument as to why the disposition was an abuse of discretion.
{¶ 36} The trial court imposed the following disposition: Appellant was fined $100.00. Appellant's driver's license was suspended for six months. Appellant was ordered to pay court costs.; {¶ 37} At the time of disposition, R.C. 2151.355 gave a Juvenile Court broad discretion to make any disposition the court found proper.[2] In reCross (Dec. 11, 2000), Stark App. No. 2000CA00122 unreported, 2000 WL 1838887. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
{¶ 38} Revised Code 2151.355 provided a wide range of dispositions. The following paragraphs of R.C. 2151.355 were of particular significance:
 {¶ 39} (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 . . . {¶ 40} (8) Impose a fine and costs in accordance with the schedule set forth in section 2151.3512 of the Revised Code;
 . . . {¶ 41} (10) Subject to division (D) of this section, suspend or revoke the driver's license, probationary driver's license, or temporary instruction permit issued to the child or suspend or revoke the registration of all motor vehicles registered in the name of the child.
 . . .
{¶ 42} (25) Make any further disposition that the court finds proper, except that the child shall not be placed in any state correctional institution, county, multicounty, or municipal jail or workhouse, or other place in which an adult convicted of a crime, under arrest, or charged with a crime is held.
{¶ 43} Appellant was adjudicated delinquent upon finding appellant committed a first degree misdemeanor. Upon review, we find that the trial court did not abuse its discretion in imposing the disposition it did in this case.
{¶ 44} Appellant's fourth assignment of error is overruled.
{¶ 45} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
By EDWARDS, J. HOFFMAN, P.J. BOGGINS, J.
 JUDGMENT ENTRY
{¶ 46} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
[1] The Husain court also noted that the trial court could have taken judicial notice that the content of Busch beer was greater than one-half of one percent alcohol. "[E]very brewer whose product is sold within Ohio is required to provide the Liquor Control Board with a sample", per OAC 4301:1-1-37(B)." Id. The Husain court noted that an analysis by the Liquor Control Board showed that Busch beer contains 2.94 per cent alcohol by weight. Id. at fn. 3.
[2] R.C. 2151.355 was repealed, effective January 1, 2002. Paragraphs of former R.C. 2151.355 were transferred to R. C. 2152.19.